EMPLOYERS HEALTH INSURANCE, Plaintiff-Appellant,

v.

GENERAL CASUALTY COMPANY OF WISCON-SIN, Defendant-Respondent,†

William J. KLEIN, Defendant.

Court of Appeals

*No. 89–1021. Submitted on briefs December 5, 1989.—Decided February 7, 1990.*

(Also reported in 454 N.W.2d 10.)

†Petition to review granted.

696

For the plaintiff-appellant the cause was submitted on the briefs of *Schellinger & Doyle, S.C.,* by *Linda Vogt Meagher* and *Daniel J. O'Brien,* of Brookfield.

For the defendant-respondent the cause was submitted on the briefs of *Schulz, Schapekahm & Eiche,*

S.C., by *Stuart B. Eiche* and *Penelope D. Hillemann,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J. Employers Health Insurance (Employers) brought this subrogation action to recover medical expenses from General Casualty Company of Wisconsin (General Casualty). Both parties moved for summary judgment. The trial court granted General Casualty's motion for summary judgment, from which Employers now appeals.

On October 23, 1985, Hugh F. Oldenburg, Jr. (Oldenburg), was injured in an automobile accident involving an uninsured motorist, William J. Klein. Employers had issued a policy of health insurance to Oldenburg, and General Casualty was Oldenburg's automobile liability carrier. As a result of the accident, Oldenburg received bodily injuries requiring him to incur medical expenses in the amount of $54,853.23. Employers paid Oldenburg's medical expenses pursuant to its health insurance coverage. Under its insurance contract, Employers was subrogated to all claims of Oldenburg. General Casualty paid Oldenburg's claim under its uninsured motorist coverage provisions of its policy. An annuity was purchased for Oldenburg providing him with $2,700 per month for life. This settlement, however, did not specify a particular sum as payment for medical expenses.

At the time of the accident, Employers provided health insurance coverage to Oldenburg under a group policy. Oldenburg was also covered under two policies for automobile liability insurance issued by General Casualty. One policy was issued to Hugh F. Oldenburg, and the other policy was issued to Fred Oldenburg, Jr. (a/k/a Hugh F. Oldenburg, Jr.). The two policies were exactly

the same and they provided uninsured motorist coverage to Oldenburg.

On February 22, 1988, Employers filed this action against General Casualty seeking a declaratory judgment. On September 23, 1988, General Casualty brought a summary judgment motion requesting that the trial court dismiss Employers' complaint on the grounds that it failed to state a claim upon which relief could be granted. Specifically, General Casualty alleged that one indemnity insurer did not have subrogation rights against another indemnity insurer. Employers filed a cross-motion for summary judgment on March 10, 1989.

A hearing on the summary judgment motions was held on March 20, 1989. The trial court held that under the terms of the insurance policies, Employers did not have a superior contractual right against General Casualty and, therefore, Employers was not entitled to subrogation. On April 13, 1989, the trial court issued an order granting General Casualty's motion for summary judgment. Employers filed this appeal on May 31, 1989. The sole issue on this appeal is whether the trial court erred in granting summary judgment to General Casualty and denying Employers recovery from General Casualty for the amount it paid to Oldenburg for his medical expenses.

Appellate courts are required to follow the same methodology as trial courts in reviewing motions for summary judgment.[1] Summary judgment must be entered if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, show there are no material issues of fact and that the moving

[1]*Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987).

party is entitled to judgment as a matter of law.[2] We will review the trial court's grant of summary judgment to General Casualty by applying the standards set forth in sec. 802.08(2), Stats., in the same manner as the trial court.

General Casualty's policies provide, *inter alia,* the following:

### PART C—UNINSURED MOTORISTS COVERAGE

We will pay damages which **a covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury sustained by **a covered person** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

. . ..

### OTHER INSURANCE

If there is other applicable similar insurance we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

The Employers' policy provides, *inter alia,* the following:

### EXCESS COVERAGE

. . ..

No benefits will be payable under this Policy on account of any injury or **Sickness caused by You, Your Dependent** or any other party, for which there is any other insurance providing medical pay

---

[2]*Id. See also* sec. 802.08(2), Stats.

coverage or medical expense coverage available to **You or Your** covered **Dependent,** regardless of whether such other coverage is described as being primary, excess or contingent.

**We** will, nevertheless, process **Your** claim according to the provisions of the **Policy** and secure reimbursement from the medical payments or medical expense insurer.

**You** hereby assign to **Us** any right **You** have against such other insurer for reimbursement of medical expenses **We** have paid on **Your** behalf.

. . ..

RECOVERY RIGHTS

RIGHT OF SUBROGATION

If, after payments have been made under the Policy, **You** or **Your** covered **Dependent** has a right to recover damages from a responsible third party, **We** shall be subrogated to **Your** rights to recover. **You** or **Your** covered **Dependent** shall do whatever is necessary to enable **Us** to exercise **Our** Right and shall do nothing after loss to prejudice it. If **We** are precluded from exercising **Our** Right of Subrogation, **We** may exercise **Our** Right of Reimbursement.

RIGHT OF REIMBURSEMENT

If benefits are paid under the Policy and **You** or **Your** covered **Dependent** recovers from a responsible third party by settlement, judgment or otherwise, **We** have a right to recover from **You** or **Your** covered **Dependent** an amount equal to the amount **We** paid.

General Casualty's automobile liability policies contained the statutorily mandated uninsured motorist cov-

erage as required in sec. 632.32(4), Stats. Section 632.32(4)(a) provides the following:

> **(4)** Required Uninsured Motorist and Medical Payments Coverages. Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:
>
> (a) *Uninsured motorist.* 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident. The insurer may increase the coverage limits provided under this paragraph up to the bodily injury liability limits provided in the policy.
>
> 2. In this paragraph "uninsured motor vehicle" also includes:
>
> a. An insured motor vehicle if before or after the accident the liability insurer of the motor vehicle is declared insolvent by a court of competent jurisdiction.
>
> b. An unidentified motor vehicle involved in a hit-and-run accident.
>
> 3. Insurers making payment under the uninsured motorists' coverage shall, to the extent of the payment, be subrogated to the rights of their insureds.

This section requires motor vehicle insurers to include uninsured motorist coverage. Under the uninsured motorist provision, insureds should be given the same protection he or she would have had for an injury caused

by a motorist insured by a standard automobile liability policy.[3] In addition, construction of insurance contracts are controlled by general principles of contract law.[4] Interpretation of insurance policy issues are questions of law that appellate courts review independently and without deference to the trial court's legal conclusions.[5]

We reverse the trial court and hold that summary judgment should be granted in favor of Employers in the amount of $54,853.23. Our decision rests upon Wisconsin Statute sec. 632.32(4), which requires General Casualty to reimburse Employers for the amount it paid to Oldenburg for his medical expenses, and the terms and conditions of the policies in question.

Employers is entitled to subrogation against General Casualty based on the plain meaning of the language in the insurance policies. General Casualty's insurance policies state that it would cover the insured for all damages that he or she is legally entitled to recover from the owner or operator of an uninsured motor vehicle, unless there is "other similar insurance." Since the health insurance provided by Employers does not constitute "other similar insurance," within the terms and conditions of the General Casualty policies, we hold that General Casualty is required to reimburse Employers for the amount it paid for Oldenburg's medical expenses.

Employers' policy specifically states that it will not cover any injury or sickness that is covered by other insurance providing medical pay coverage or medical

[3]*Niemann v. Badger Mutual Ins. Co.,* 143 Wis. 2d 73, 77–78, 420 N.W.2d 378, 380 (Ct. App. 1988).

[4]*Lambert v. Wrensch,* 135 Wis. 2d 105, 115, 399 N.W.2d 369, 373 (1987).

[5]*Lechner v. Scharrer,* 145 Wis. 2d 667, 672, 429 N.W.2d 491, 494 (Ct. App. 1988).

expense coverage. Employers' policy is a health insurance policy and not an automobile liability policy, and therefore, it is not "other similar insurance" for purposes of the uninsured motorist language in General Casualty's policies. Thus, General Casualty's policies clearly provide medical pay or medical expense coverage for Oldenburg's damages arising out of his accident with an uninsured motorist. In addition, sec. 632.32(4)(a), Stats., statutorily requires an automobile liability insurer to provide uninsured motorist coverage to its insureds, which includes an insured's medical expenses when involved in an accident with an uninsured motorist. Based on sec. 632.32 and under the plain and ordinary meaning of the language in the insurance policies, we hold that there is no "other similar insurance." We find General Casualty responsible for all of Oldenburg's medical expenses arising out of his accident with an uninsured motorist. Under the terms and conditions of the insurance policies, General Casualty is contractually bound to pay those expenses and Employers is entitled to reimbursement for the amounts it paid for Oldenburg's medical expenses. Employers is clearly entitled to subrogation against General Casualty in the amount of $54,853.23.

This court reverses the order of the trial court and remands the matter to the trial court ordering it to vacate its summary judgment order in favor of General Casualty and to grant summary judgment to Employers for the full amount paid to Oldenburg. Since this court's holding is based on the plain and ordinary meaning of the language of the insurance policies, we decline to address the parties' arguments based on superior equities.

*By the Court.*—Order reversed and cause remanded with directions.