Ronald M. BOTHE, by his Guardian ad Litem, Michael J. Gross, and Carol Bothe, Plaintiffs-Appellants,†

v.

AMERICAN FAMILY INSURANCE COMPANY and James A. Anderson, Defendants-Respondents.

Court of Appeals

*No. 90-1498. Submitted on briefs September 24, 1990.—Decided November 28, 1990.*

(Also reported in 464 N.W.2d 109.)

†Petition to review denied.

379

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Michael J. Gross* of *Bode, Gross & Carroll, S.C.* of Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *James R. Sommers* of *Hunter & Sommers* of Waukesha.

Before Nettesheim, P.J., Scott and Anderson, JJ.

SCOTT, J.  Ronald M. Bothe and his mother, Carol Bothe ("Bothe"), appeal from a summary judgment in favor of James A. Anderson and American Family Insurance Company, the liability insurer of James's wife Janis. The issue on appeal is whether sec. 766.55(2)(cm), Stats., creates liability as to an innocent spouse (Janis) for obligations of the tortfeasor spouse (James), and, if so, whether there is coverage under the innocent spouse's insurance policy. We conclude that sec. 766.55(2)(cm) does not create liability as to the non-tortfeasor spouse. We therefore affirm the decision of the circuit court.

The parties stipulated to the following facts. Ronald Bothe, a minor, was injured in August 1988 in an automobile accident with James Anderson. James and his wife Janis, separated since 1982, were not living in the same household at the time of the accident. Both James and Janis had separate policies of insurance through American Family, each policy providing $25,000 liability coverage.

The parties agreed to submit the issue of insurance coverage to the court on motions for summary judgment.

380

For purposes of the motions, Bothe's damages were stipulated to be $50,000. The circuit court determined that sec. 766.55(2)(cm), Stats., does not place on an innocent spouse liability of any kind for a tort committed by the other spouse, which tort is not for a family purpose. The court concluded that, since Janis was not liable, there was no coverage for James's tort under Janis's policy of liability insurance. Bothe appeals.

When reviewing motions for summary judgment, we apply the standards set forth in sec. 802.08(2), Stats., in the same manner as the trial court. *Employers Health Ins. v. General Casualty Co.*, 154 Wis. 2d 696, 699–700, 454 N.W.2d 10, 11 (Ct. App. 1990). Summary judgment is appropriate where there are no material issues of fact and the moving party is entitled to judgment as a matter of law. *Id.*

Relying on sec. 766.55(2)(cm), Stats., Bothe argues that the Wisconsin Marital Property Act subjects an innocent spouse to liability for tort obligations of the tortfeasor spouse by virtue of the tortfeasor's interest in marital property assets of the innocent spouse. Therefore, he contends, Janis would be legally liable to the extent of James's interest in their marital property, and thus coverage exists under her auto policy for satisfaction of Bothe's damages. We do not agree.

The construction of a statute or the application of a statute to a particular set of facts is a question of law which we review without deference to the circuit court. *Guertin v. Harbour Assurance Co.*, 141 Wis. 2d 622, 627, 415 N.W.2d 831, 833 (1987). The purpose of statutory interpretation is to implement the intent of the legislature. *Robert Hansen Trucking, Inc. v. LIRC*, 126 Wis. 2d 323, 332, 377 N.W.2d 151, 155 (1985). Our initial inquiry

is to the plain meaning of the statute. *State Historical Soc'y v. Village of Maple Bluff,* 112 Wis. 2d 246, 252–53, 332 N.W.2d 792, 795 (1983). If the statute is unambiguous, resort to judicial rules of interpretation and construction is not permitted, and the words of the statute must be given their obvious and intended meaning. *Id.*

Section 766.55(2)(cm), Stats., provides:

> An obligation incurred by a spouse during marriage, resulting from a tort committed by the spouse during marriage, may be satisfied from the property of that spouse that is not marital property and from that spouse's interest in marital property.

This statute is not ambiguous. It plainly provides that satisfaction of a tort obligation such as that incurred by James may be made only from (1) property of the tortfeasor spouse which is not marital property, and (2) the tortfeasor spouse's interest in marital property. Janis's insurance policy falls into neither category. Contrary to Bothe's assertion, the statute does nothing to change the traditional concept of *liability* for the tort. Rather, this provision *protects* the innocent spouse's property from, rather than subjects it to, liability for the tortfeasor spouse's obligations.

■

We conclude, as did the trial court, that the intent of sec. 766.55(2)(cm), Stats., is to protect an innocent spouse from liability for torts committed by the other spouse. Consequently, Janis incurs no liability for the tort obligations of James.

Bothe does not contend that James is an "insured person" under Janis's policy. Likewise, he does not contend—nor could he—that Janis is the tortfeasor; she was not involved in any way with the accident. Rather,

Bothe looks only to the following clause in Janis's insurance policy for coverage for his damages:

> We will pay compensatory damages an insured person is *legally liable for* because of bodily injury and property damages due to the use of a car or utility trailer. [Emphasis added.]

We have already concluded that Janis is not legally liable under sec. 766.55(2)(cm), Stats., for James's tort obligations because the statute specifically protects her property and her share of the marital property. Therefore, there exists no legal liability of an insured for damages, and Janis's policy coverage will not extend to Bothe's claim for damages.

*By the Court.*—Judgment affirmed.