Mark MEYER, Plaintiff,

v.

CITY OF AMERY, and Wausau Insurance Company,
Defendants-Appellants-Cross Respondents,

ALPHA PROPERTY & CASUALTY COMPANY, Defendant-
Respondent-Cross Appellant.

Court of Appeals

*No. 93–3191–FT. Submitted on briefs April 13,
1994.—Decided May 17, 1994.*

(Also reported in 518 N.W.2d 296.)

537

538

On behalf of the defendant-respondent-cross appellant, the cause was submitted on the briefs of *Kristina M. Bourget* of *Kelly & Ryberg, S.C.* of Eau Claire.

On behalf of the defendants-appellants-cross respondents, the cause was submitted on the brief of *Michael A. Schumacher,* of *Herrick, Hart, Duchemin, Spaeth, Sullivan & Schumacher, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Wausau Insurance Company and the City of Amery (Wausau) appeal the trial court's judgment holding that the Wausau policy provided Mark Meyer with uninsured motorist (UM) coverage and, as a result, Wausau was responsible for a pro rata share of Meyer's damages.[1] Wausau argues that the trial court erred when it construed Wausau's policy as providing Meyer coverage. We conclude that the policy unambiguously provides that the City is the named insured. Further, to construe the policy as providing coverage to Meyer as a named insured would lead to an unreasonable result, and would extend the benefits granted by Wausau and broaden the risks imposed to a degree never contemplated by the parties or intended by the legislature. Accordingly, we reverse the judgment.

Alpha Property and Casualty Company cross-appeals that part of the judgment holding that coverage under the Wausau policy and the Alpha policy was pro rata; Alpha contends its coverage is excess to the UM coverage in the Wausau policy. Because we conclude that there is no coverage under Wausau's policy, this issue is moot, and we need not address it.

In July 1991, Mark Meyer, in the course of his employment as a City of Amery police officer, drove a City patrol car to Kim Gruber's residence to respond to a complaint that an _individual was violating a

---

[1] This is an expedited appeal under RULE 809.17, STATS.

restraining order. When Meyer arrived, he observed the individual in an automobile. Meyer exited his patrol car, walked over to the vehicle and reached inside in an attempt to turn off the ignition. While Meyer's arm was in the vehicle, the individual put the car in reverse and accelerated. Meyer sustained injuries as a result.

At the time of this incident, Wausau provided business auto coverage to the City. Included in this policy is UM coverage. Meyer had personal coverage through Alpha; Meyer is the named insured under Alpha's policy. Meyer claimed UM coverage under both policies.

Wausau moved for summary judgment declaring that its policy did not provide coverage to Meyer. After the trial court denied summary judgment, the parties entered into a stipulation in which it was agreed that Meyer's damages totalled $15,000, and Wausau and Alpha each paid $7,500 to Meyer. It was agreed that Wausau and Alpha each reserved its right to seek reimbursement from one another. It was also agreed that judgment could be entered dismissing Meyer's claim against Wausau and Alpha, but with Wausau and Alpha preserving their right to appeal the trial court's summary judgment ruling and judgment entered pursuant to the stipulation. Based on this stipulation, the court entered judgment dismissing Meyer's case and ordered Wausau to pay $4,166.67 to Alpha, finding Alpha had paid greater than its pro rata share.[2]

---

[2] The limit for liability for UM coverage provided by Wausau is $350,000, and the limit for liability for UM coverage under the Alpha policy is $100,000. Therefore, the trial court found that Wausau's pro rata share was 7/9 while Alpha's share was 2/9.

A motion for summary judgment can be used to address issues of insurance policy coverage. *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 296, 349 N.W.2d 733, 735 (Ct. App. 1984). The record here reveals that there is no material issue of disputed fact. The only issue is the legal question concerning how much of the $15,000 settlement Wausau and Alpha are responsible for under their respective policies. The interpretation of an insurance contract presents a question of law, which is reviewed de novo. *Muehlenbein v. West Bend Mut. Ins. Co.*, 175 Wis. 2d 259, 263-64, 499 N.W.2d 233, 234 (Ct. App. 1993).

Wausau argues that it is not responsible for any of the $15,000 because Meyer is not a named insured under its policy.[3] The Wausau policy issued to the City is a commercial auto policy. The policy provides: "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." The named insured in the declarations is the City of Amery.

The UM provision in the policy states in part: "We will pay all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle.' The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.' " Section B of the UM coverage specifies who is considered an insured for UM purposes:

B.   WHO IS AN INSURED

1.   You.

2.   If you are an individual, any "family member."

---

[3] No one argues that Meyer is an insured under any of the other categories.

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

Wausau argues that because "you" is defined as the named insured, and the named insured is the City, Meyer does not fall under this category of insureds. Alpha argues that the term "you" is ambiguous because it could be interpreted to mean not only the City, but also all of the City's officers, agents, and employees through whom the City must act. Further, Alpha contends, if the City is the only named insured, the policy violates § 632.32(4)(a), STATS.

Insurance contracts are controlled by the same rules of construction as are applied to other contracts. *Ehlers v. Colonial Penn Ins. Co.*, 81 Wis. 2d 64, 74, 259 N.W.2d 718, 724 (1977). The terms used in a contract are to be given their plain or ordinary meaning. *In re All-Star Ins. Corp.*, 112 Wis. 2d 329, 333, 332 N.W.2d 828, 830 (Ct. App. 1983). Ambiguities in coverage are to be construed in favor of coverage, while exclusions are narrowly construed against the insurer. *Davison v. Wilson*, 71 Wis. 2d 630, 635-36, 239 N.W.2d 38, 41 (1976). Words and phrases are ambiguous when they are susceptible to more than one reasonable construction. However, when an insurance policy's terms are plain on their face, the policy must not be rewritten by construction. *Limpert v. Smith*, 56 Wis. 2d 632, 640, 203 N.W.2d 29, 33-34 (1973). Courts cannot insert what has been omitted or rewrite a contract in the

guise of construing contracts. *Levy v. Levy*, 130 Wis. 2d 523, 533, 388 N.W.2d 170, 174-75 (1986).

■

The Wausau policy unambiguously states that "you" is the named insured in the declarations. The named insured in the declarations is the City, not its employees or Meyer. To conclude otherwise would be to "insert what has been omitted." *Id.* Because the policy is unambiguous, there is no need to resort to other rules of construction.

Therefore, we must next address whether the policy, by having the City as the only named insured, violates § 632.32(4)(a), STATS. Section 632.32(4) requires every automobile issued in this state to include UM coverage.[4] Although the Wausau policy includes uninsured motorist coverage, Alpha argues that under *St. Paul Mercury Ins. Co. v. Zastrow*, 166 Wis. 2d 423, 480 N.W.2d 8 (1992), the policy violates § 632.32(4) because it does not provide coverage that is personal and portable.

In *Zastrow*, Zastrow purchased an insurance policy for an antique vehicle he owned. The policy was particularly tailored for antique and collector vehicles.

---

[4] Section 632.32(4), STATS., provides in part:

  **(4) Required uninsured motorist and medical payments coverages.** Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:

  (a) *Uninsured Motorists.* 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident.

Part of this tailoring was to provide UM coverage only to occupants of the vehicle. Zastrow's wife and son were killed when they were walking along a road near Zastrow's home and were hit by an uninsured motorist. Zastrow made a claim for payment under the antique auto policy's UM provision, and the insurance company denied his claim because his wife and son were not occupants in the antique vehicle. The supreme court reasoned:

> The cases have interpreted sec. 632.32(4)(a) as requiring portable and personal uninsured motorist coverage. St. Paul cannot overcome the fact that its policy insures a motor vehicle registered in this state and driven on the highway yet offers restricted uninsured motorist coverage for the policyholder, who is ordinarily the named insured, and his specified relatives. The St. Paul policy is not portable and not personal.

*Id.* at 436-37, 480 N.W.2d at 14. Therefore, the supreme court concluded that limiting coverage to occupants was prohibited by § 632.32(4)(a), STATS.

Our case is distinguishable. The *Zastrow* court had to determine whether an insurance policy issued to an individual, the policyholder, can be limited so as to cause the coverage not to be personal or portable. Here we are dealing with a policy issued to a government entity, not an individual. The coverage is not restricted as to the purchaser of the policy or the policyholder, but as to the employees of the policyholder. In *Carrington by Nathan v. St. Paul Fire & Marine Ins. Co.*, 169 Wis. 2d 211, 485 N.W.2d 267 (1992), our supreme court noted this distinction:

> St. Paul [the insurer] argues that there can only be occupancy insureds under a commercial fleet policy

where the only named insured is a corporation or government entity rather than a person. St. Paul cites a host of authority to support this position. We agree with St. Paul on this point.

*Id.* at 218-19, 485 N.W.2d at 269-70 (footnote omitted).

A number of other states have addressed similar fact situations. Particularly illustrative is *INA v. Perry*, 134 S.E.2d 418 (Va. 1964). In *Perry*, a police officer was struck by an uninsured motorist as he was walking from his patrol car to a house to serve a warrant. Virginia, like Wisconsin, has a statute mandating that UM coverage be provided in all insurance policies. The INA policy issued to the City of Norfolk defined "insured" as "the named insured" or "any person while occupying an insured automobile." Under these strikingly similar facts, the Virginia court concluded in response to the argument that the officer was a named insured:

> The court cannot substitute the name of each of the many employees of the city in place of that of the city as the named insured and thus stretch the coverage of the policy to include each such employee and all of the members of his household specified in the statute. To do so would be to rewrite the policy, to make a new contract for the parties and to distort the meaning of the statute. This would extend the benefits granted and broaden the risks imposed to a degree obviously never contemplated by the parties to the insurance contract nor intended by the legislature.

*Id.* at 420.[5] We are persuaded by this line of reasoning.

---

[5] *See also General Ins. Co. v. Icelandic Bldrs., Inc.*, 604 P.2d 966, 968 (Wash. App. 1979) (the named insured is the corporation, and the courts cannot create an ambiguity where none

While Wisconsin courts have concluded that the legislative purpose behind § 632.32(4)(a), STATS., is to put the injured in the same position as if the uninsured tortfeasor had been insured, and in turn have concluded that UM coverage is personal and portable, there is nothing to indicate that the legislature intended this reasoning to be extended to require commercial fleet policies, where the named insured is a corporation or government entity, to include all of its employees as named insureds. To construe § 632.32(4)(a) as requiring such would lead to an unreasonable result. A statute should be construed to avoid an absurd or unreasonable result. *State v. Mendoza*, 96 Wis. 2d 106, 115, 291 N.W.2d 478, 483 (1980). Such a construction would result in each commercial fleet policy providing UM coverage to all of its employees and their families, whether they were injured in the course of their employment or in a situation completely unrelated to work. This is a result not intended by the contracting parties, nor the legislature. Therefore, we conclude that under the terms of the Wausau UM provision, Meyer is not an insured, and consequently, Wausau is not responsible for any of the $15,000 settlement.

---

exists); *Cunningham v. INA*, 189 S.E.2d 832, 835-36 (Va. 1972) (commonwealth, not the employee was the named insured, and employee was only covered by virtue of being a permissive occupant of the highway department vehicle); *Sproles v. Greene*, 407 S.E.2d 497, 500 (N.C. 1991) (employees of corporation could not be treated as named insureds under corporation's auto liability policy naming only the corporation); *Guarantee Ins. Co. v. Anderson*, 585 F.Supp. 408 (E.D. Pa. 1984) (corporate employee is not entitled to status of named insured when the policy states that the named insured is the corporation).

*By the Court.*—Judgment reversed.