Latisha N. GREENE, a minor by her guardian ad litem, Adrian P. Schoone, Richard E. Greene, Lisa M. Greene, Misty Thomas, a minor by her guardian ad litem, John A. Becker, Debra Green, Samantha Cartwright, a minor by her guardian ad litem, M. Angela Dentice, and Edna Warren, Plaintiffs-Respondents,

Samuel CARTWRIGHT, Plaintiff,

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant-Appellant,†

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Michael J. Riekkoff, Blue Cross & Blue Shield United of Wisconsin, Wisconsin Health Organization Insurance Corporation, Cigna Insurance Company and County of Racine, Defendants.

Court of Appeals

*No. 96–2578. Submitted on briefs October 10, 1997.—Decided November 19, 1997.*

(Also reported in 576 N.W. 2d 56.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert F. Johnson, Philip C. Reid* and *Heidi L. Vogt* of *Cook & Franke, S.C.* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the briefs of *Adrian P. Schoone* and *James A. Pitts* of *Schoone, Fortune, Leuck, Kelley & Pitts, S.C.* of Racine; *M. Angela Dentice* and *David J. Bischmann* of *Hausmann-McNally, S.C. of Milwaukee;*

and *John A. Becker* and *Chris G. Halverson* of *Becker, French & DeMatthew* of Racine.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J. General Casualty Company of Wisconsin appeals from a summary judgment providing liability coverage and assessing damages for injuries caused by General Casualty's insured, Michael J. Riekkoff. General Casualty contends that Michael is not a qualified insured under the Riekkoff family corporation's business auto or comprehensive insurance policies. We conclude that under the terms of the business auto policy, the named insured was expanded by the additional interest endorsement to include the listed additional interests, Michael and his father. Because Michael is an additional insured in the underlying business auto coverage, we also conclude that Michael qualifies as an insured under the umbrella policy. We affirm the judgment.

## FACTS

The underlying facts are undisputed. After spending much of September 27, 1992, in a couple of taverns, Michael was driving his 1990 Ford Bronco when it jumped a curb, struck a parked car, flipped and continued down the sidewalk where it struck Latisha N. Greene, Misty Thomas and Samantha Cartwright. All three girls were seriously injured.

At the time of the accident, Michael owned the Bronco and was working for Riekkoff Installation Services, Inc., a family corporation. Riekkoff Installation employed Michael, his parents, two of his brothers and two additional employees. Michael's parents and his grandfather are the stockholders.

155

Michael's Bronco was insured by American Family Mutual Insurance Company with limits of $25,000 per person and $50,000 per occurrence. General Casualty had also issued two policies to Riekkoff Installation, a business auto policy with $300,000 limits and a comprehensive liability policy (umbrella) with $1,000,000 limits. Riekkoff Installation is the sole named insured on the declarations page on both policies. However, there is an additional interest endorsement for the business auto policy which lists Michael and his father.

The three injured minors commenced an action against General Casualty, American Family and Michael for damages caused by the accident.[1] General Casualty filed a motion for summary judgment contesting coverage. The trial court denied the motion finding that coverage exists for Michael under both the business auto policy and the umbrella policy. General Casualty filed a motion for reconsideration which was also denied. The parties then reached a stipulation as to liability and damages: Greene would receive $500,000; Thomas would receive $257,500; and Cartwright would receive $200,000, to be divided between General Casualty and American Family. The stipulation dismissed American Family from the suit and preserved General Casualty's right to appeal the coverage issue. Judgment was entered. General Casualty appeals.

---

[1] This court previously affirmed an order dismissing Greene's claims of civil conspiracy and aiding and abetting the operation of a vehicle while intoxicated. *See Greene v. Farnsworth*, 188 Wis. 2d 365, 368, 525 N.W.2d 107, 108 (Ct. App. 1994). The injured minors subsequently amended their complaint to include insurance coverage for Michael.

## STANDARD OF REVIEW

When facts are undisputed and the issue involves only the interpretation of an insurance policy, a question of law is presented appropriate for resolution on summary judgment. *See Smith v. State Farm Fire & Cas. Co.*, 127 Wis. 2d 298, 301, 380 N.W.2d 372, 374 (Ct. App. 1985). We review a trial court's decision to grant summary judgment de novo by applying the same standards employed by the trial court. *See Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). The interpretation of an insurance contract also presents a question of law which we review without deference to the trial court. *See Keane v. Auto-Owners Ins. Co.*, 159 Wis. 2d 539, 547, 464 N.W.2d 830, 833 (1991).

The parties agree that the pertinent terms of the insurance policies are unambiguous. "When an insurance contract contains unambiguous terms, we do not construe those terms, but simply apply them to the facts." *Grotelueschen v. American Family Mut. Ins. Co.*, 171 Wis. 2d 437, 447, 492 N.W.2d 131, 134 (1992). This presents a question of law which we review independently of the trial court. *See id.* We give unambiguous terms the meaning that a reasonable person in the position of the insured would have understood the words to mean. *See id.*

## DISCUSSION

### *Business Auto Policy*

General Casualty first argues that Michael is not a named insured under the business auto policy as a matter of law. The preamble to the business auto cover-

age form states: "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." The named insured in the declarations is Riekkoff Installation.

The Liability Coverage provision stated in part: "We will pay all sums an 'insured' legally must pay . . . to which this insurance applies, caused by an 'accident' and resulting from . . . use of a covered 'auto.' " Liability Coverage extends to "any 'auto.' " The Liability Coverage also specifies who is considered an insured for liability purposes:

1. WHO IS AN INSURED

The following are "insureds"

 a. You for any covered "auto."

 b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except

 (1) The owner or anyone else from whom you hire or borrow a covered "auto."

 (2) Your employee if the covered "auto" is owned by that employee . . . .

The policy also contains an additional interest endorsement. The endorsement "changes the policy" by modifying the business auto coverage form. The endorsement provides:

LIABILITY COVERAGE WHO IS AN INSURED is changed as follows:

Subject to the LIMIT OF INSURANCE, WHO IS AN INSURED is amended to

include the person or organization named in the Schedule or in the Declarations. Coverage applies only for their liability arising out of the ownership, maintenance or use of covered "autos" by you or your employees or from your "garage operations."

ADDITIONAL INTEREST

1. Norbert Riekkoff A.T.I.M.A.

2. Michael J. Riekkoff

General Casualty's position is that the terms "you" and "your" in its policy refer to the named insured shown on the declarations page—Riekkoff Installation—and Michael does not fall under this category of insureds. General Casualty further maintains that the additional interest endorsement does not amend the identification of the named insured or the policy terms "you" or "your"; rather, it modifies who qualifies as omnibus insureds under the "Who Is An Insured."

We conclude that the business auto policy has been modified to provide insurance to two named additional interests for any auto that they may drive. The additional interest endorsement amends the policy to include Michael within the class of insured persons. Michael was added to the Who Is An Insured provision which is another class of insured persons in addition to the "you" class, which is the named insured, Riekkoff Installation.[2]

---

[2] General Casualty's reliance on *Meyer v. City of Amery*, 185 Wis. 2d 537, 518 N.W.2d 296 (Ct. App. 1994), is misplaced. In *Meyer*, the court equated "you" with the named insured in the declarations, in that case the City and not the City's employee. *See id.* at 544, 518 N.W.2d at 298. However, the policy also did

159

General Casualty is liable for damages that an "insured" is obligated to pay. The key is that coverage is provided to an "insured," *not* the named insured. An "insured" is "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage." By virtue of the additional interest endorsement, Michael qualifies as an insured.

In addition, liability coverage is extended to "any 'auto' "; it is not limited to motor vehicles owned by the corporation. We conclude that the unambiguous terms of the liability coverage provided to the named insured has been modified to also provide liability coverage to the two named additional interests, i.e., Michael, for any automobile they may drive. The definition of "you" and "your" in the preamble is not material because the common sense reading of the policy, as modified by the additional interest endorsement, is the named insured has been expanded to include those named in the additional interest endorsement.

Even if the additional interest endorsement only modified the omnibus provision as argued by General Casualty, Michael still qualifies as an insured. The omnibus statute provides in relevant part:

> [E]very policy subject to this section issued to an owner shall provide that:
>
> (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when

not contain an additional interest endorsement modifying the terms of the policy. *See id.* at 542–43, 518 N.W.2d at 298. For that reason, the policies are distinguishable.

160

the use is for purposes and in the manner described in the policy.

(b) Coverage extends to any person legally responsible for the use of the motor vehicle.

Section 632.32(3), STATS.

■

Section 632.32, STATS., is a remedial statute and must be construed broadly to increase rather than limit coverage. *See Home Ins. Co. v. Phillips*, 175 Wis. 2d 104, 111, 499 N.W.2d 193, 196 (Ct. App. 1993). The main purpose of § 632.32(3) is to assure insurance coverage for accident victims. *See Home Ins.*, 175 Wis. 2d at 111, 499 N.W.2d at 196. When the named insured is a corporation, but the insurer knows that the covered vehicles are owned by individuals and used by family members, § 632.32 does not distinguish between the owner of the vehicle and the named insured for purposes of determining coverage. *See Home Ins.*, 175 Wis. 2d at 113–15, 499 N.W.2d at 197–98. The fact that the named insured is not the owner of the vehicle does not preclude the application of the omnibus statute. *See Kettner v. Wausau Ins. Cos.*, 191 Wis. 2d 723, 742, 530 N.W.2d 399, 406 (Ct. App. 1995).

The policy provides liability coverage for an insured's liability arising from "any 'auto.'" Thus, Michael's vehicle qualifies. Simply because Riekkoff Installation does not own the vehicle does not preclude coverage under the omnibus statute. If General Casualty intended to limit coverage to specific vehicles, then it should have listed only those autos in the policy. We conclude that Michael's vehicle is covered by the policy. To conclude otherwise would be to "'insert what has been omitted.'" *Meyer v. City of Amery*, 185 Wis. 2d

537, 544, 518 N.W.2d 296, 298 (Ct. App. 1994) (quoted source omitted).

Coverage is also dictated by public policy. Again, the purpose of § 632.32, STATS., is to protect injured third parties. *See Home Ins.*, 175 Wis. 2d at 111, 499 N.W.2d at 196. General Casualty renewed Riekkoff Installation's policy knowing that any auto was listed as a covered auto in the policy. It also knew that "any 'auto' " included vehicles owned by the corporation's employees which were also used for nonbusiness purposes. General Casualty accepted premiums for liability insurance based upon known risks, including the risk that one of the owners of a covered auto would be involved in an accident.[3] We will not distinguish between the owner and the named insured in this situation, thereby providing coverage to the injured third parties.

General Casualty further posits that the additional interest endorsement only provided coverage to Michael if he was working. However, the endorsement speaks to use of "covered 'autos' by you or your employees." It does not limit the scope of coverage to the employment context. If coverage was to be limited to employment only, the language could easily have been: you with respect to the conduct of your business or your employees but only for acts within the scope of their employment by you.[4] An insurance policy is construed

---

[3] General Casualty charged $136 as an additional premium for the endorsements. It is unclear what amount is attributable to the additional insured endorsement. The cost for the drive other car endorsement was included in the premium for the basic policy.

[4] It is clear from General Casualty's umbrella policy that when the insurer intends to limit coverage to the scope of

in accordance with the reasonable expectation of the insured. *See Matthiesen v. Continental Cas. Co.*, 193 Wis. 2d 192, 204, 532 N.W.2d 729, 733 (1995). We conclude that a reasonable insured would not understand coverage under the endorsement to be limited to liability arising from the course of employment.

## Umbrella Policy

General Casualty next argues that the umbrella policy only identifies Riekkoff Installation as a named insured and only provides coverage for persons using vehicles Riekkoff Installation owned, hired or borrowed. Because Michael was driving his own vehicle at the time of the accident, General Casualty argues that he was not within the policy's classification of insured persons. We disagree.

The preamble to the umbrella policy provides that "the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." The umbrella policy states that an " 'insured' means any person or organization qualifying as such under **WHO IS AN INSURED (SECTION III)**." Section III provides in part:

> 2. Except as provided in 4. below, each of the
> following is also insured:
>
> . . . .
> e. *Any other person or organization who is*
> *an additional insured in the "underlying*
> *insurance" shown in the Declarations.*

employment, it can and does do so very precisely. The umbrella policy limits coverage for employees to acts within the scope of their employment. The additional endorsement provides no such limitation.

The coverage afforded under this insurance will be no broader than that of the "underlying insurance."

. . . .

Except as provided in 3. below, none of the persons or organizations included as an insured in this paragraph 2. is an insured with respect to the ownership, maintenance, operation, use, "loading or unloading" or *entrustment to others of any "auto."* [Emphasis added.]

We conclude that this provision triggers coverage. In the previous section, we determined that the business auto policy was modified by the additional endorsement which effectively expanded the named insured on the declarations to include Michael and his father. Michael is an additional insured in the underlying business auto coverage shown in the declaration. Thus, Michael also qualifies as an insured under the umbrella policy. The umbrella policy requires General Casualty to pay "those sums that the insured becomes legally obligated to pay as damages."

General Casualty maintains that "[t]he court ignored the last paragraph of Section 2," which "obviously [does] not apply to automobile liability." The paragraph states: "none of the persons or organizations included as an insured in this paragraph 2. is an insured with respect to the ownership, maintenance, operation, use, 'loading or unloading' or *entrustment to others of any 'auto.'* " (Emphasis added.) This is essentially a drive other car provision which does not extend coverage if an insured allows someone else to operate, maintain or use the insured's vehicle. This provision is inapplicable.

164

We conclude that General Casualty's umbrella policy provides additional coverage for damages Michael is legally obligated to pay. Accordingly, we affirm the judgment.

*By the Court.*—Judgment affirmed.