Sarah REED, Individually, and as Special Administrator of the Estate of Douglas Reed, Jr., and Ann Reed and James Reed, minors, by their Guardian ad Litem, William M. Cannon, Plaintiffs-Appellants,†

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, a Wisconsin insurance corporation, Defendant-Respondent.

Court of Appeals

*No. 96–2371. Submitted on briefs October 7, 1997.—Decided December 23, 1997.*

(Also reported in 576 N.W.2d 73.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *William M. Cannon, Mark L. Thomsen* and *Thomas W. Kyle* of *Cannon & Dunphy, S.C.* of Brookfield.

On behalf of the defendant-respondent, the cause was submitted on the brief of *L. William Staudenmaier* and *Pamela A. Johnson* of *Cook & Franke S.C.* of Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

WEDEMEYER, P.J.  Sarah Reed appeals from a grant of summary judgment dismissing her claim against General Casualty Co. of WI. Mrs. Reed claims the trial court erred when it concluded that the business auto insurance policy that General Casualty issued to Software Resources & Marketing, Inc. did not permit stacking of the underinsured motorist protection. Because the trial court did not err when it concluded that the UIM limits under the business auto policy could not be stacked, we affirm.

## I.  BACKGROUND

On April 3, 1995, Douglas Reed was killed when the Dodge Shadow he was driving was struck head-on by a car negligently operated by Jason Saleska. Saleska was in the oncoming lane attempting to pass several cars at a high rate of speed. Saleska carried only $25,000 in liability coverage at the time of the accident.

The Dodge Shadow that Mr. Reed was driving was one of five automobiles carrying underinsured motorist benefits of $500,000 under a business auto policy issued by General Casualty to Software Resources. Software Resources is a closely held corporation in which Mr. Reed was the vice-president, director and minority shareholder. Linder Maletze is the president of Software Resources and his wife, Ann, is the secretary/treasurer. Each Maletze holds 45% of the shares of the corporation, while Mr. Reed held the remaining 10%. Software Resources had two additional full-time employees who were neither corporate officers nor shareholders.

The insurance policy issued by General Casualty defined "insured" as follows:

WHO IS AN INSURED
1. You.
2. If you are an individual, any "family member".
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

The policy defines "you" and "your" as "the Named Insured shown in the Declarations." The only named insured shown in the Declarations was Software Resources.

Mr. Reed is survived by his spouse, Sarah, and his two minor children, Ann and James. The insurer of the Saleska vehicle paid its liability limits of $25,000 in settlement of the claim. General Casualty tendered the $500,000 UIM benefit on the Dodge Shadow, but refused Mrs. Reed's request to tender the additional UIM coverage available by stacking the coverage limits of the remaining fleet vehicles covered by the policy.

General Casualty moved for summary judgment asserting that Mr. Reed was an occupancy insured not entitled to stack UIM limits. The trial court granted the motion, agreeing that Mr. Reed was not a named insured, but rather an "occupancy" insured. Judgment was entered. Mrs. Reed now appeals.

## II. DISCUSSION

██

The issue raised in this case is whether a corporate officer/director/shareholder in a small corporation is included under the definition of "you" or "family mem-

ber," as those terms are used in a business auto insurance policy that identifies only the corporation as the "named insured," so that the officer/director/shareholder would qualify as a "named insured" rather than an "occupancy insured." The trial court determined that the "family member" language in the policy did not alter Mr. Reed's status as an occupancy insured. The dispute arises because only named insureds are permitted to stack UIM coverage. *See Martin v. Milwaukee Mut. Ins. Co.*, 146 Wis. 2d 759, 433 N.W.2d 1 (1988).

█

Because our review in this case involves construction of an insurance contract following a grant of summary judgment, the case is subject to independent review. *See Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis. 2d 375, 382, 480 N.W.2d 1, 3 (1992); and *Thompson v. Threshermen's Mut. Ins. Co.*, 172 Wis. 2d 275, 280, 493 N.W.2d 734, 736 (Ct. App. 1992).

Mrs. Reed contends that because Mr. Reed was an officer/director/shareholder of a small corporation where the only named insured under the policy is the corporation, he should be considered to be a named insured. She cites *Carrington v. St. Paul Fire & Marine Ins. Co.*, 169 Wis. 2d 211, 219–20, 485 N.W.2d 267, 270 (1992) in support of her claim that under these circumstances, we should interpret the policy terms "you" or "family member" in such a way as to make Mr. Reed a named insured.

In *Carrington*, St. Paul issued a corporate fleet policy insuring nineteen autos to Sunburst Youth Homes, Inc., where only Sunburst was a named insured. *See id.* at 215–20, 485 N.W.2d at 268–71. Sunburst provided supervised care to children in need of protection and services. *See id.* Two minor children

who were wards living at Sunburst were injured when a Sunburst car was struck by an uninsured motorist. *See id.* Our supreme court ruled that because of the special relationship between Sunburst and the children, the insurance policy could be interpreted to conclude that the children were family members of the named insured. *See id.* Therefore, the children qualified as named insureds and were entitled to stack coverage. *See id.* at 222–27, 485 N.W.2d at 271–73. The Sunburst policy defined "insureds" as including: (1) [y]ou; (2) [a] member of your family; and (3) anyone else in a covered automobile. *See id.* at 216, 485 N.W.2d at 268–69. A member of your family was defined to include "a ward or foster child who lives with you." *Id.*

Mrs. Reed contends that the same principles applied in *Carrington* should apply here. That is, Software Resources is the only named insured and because Mr. Reed has the special relationship of being an officer/director/shareholder, he is really a "family member" of the named insured. We disagree. The instant case is very different from *Carrington*.

First, *Carrington* involved a unique set of circumstances—where the named insured corporation was actually acting in *loco parentis* to children in its care. Sunburst could not name the children as individual insureds because of the uncertainty of their placement and age. The instant situation is distinguishable. There was no similar special relationship between Software Resources and Mr. Reed. Although it is true he was an officer/director/shareholder, that is very different than the relationship involved in Sunburst. In addition, Software Resources could have included Mr. Reed and the other two shareholders as named insureds on the policy. It chose not to do so.

210

Second, the instant case is distinguishable from *Carrington* based on the policy language. *Carrington* defined insured as "[y]ou and a member of your family." The policy issued to Software Resources defines insured as "[y]ou and *if you are an individual,* any family member." (Emphasis added.) With this qualifying language, it is clear that coverage will extend to a family member only if the named insured is an individual. In the context of the policy language, Software Resources is not an individual. The policy language implicitly distinguishes between corporations and persons. Because Software Resources is not an individual, the family member language does not apply.

█

This case is more analogous to *Meyer v. City of Amery*, 185 Wis. 2d 537, 518 N.W.2d 296 (Ct. App. 1994), where this court held that when the named insured is a corporate entity, coverage under the policy will not be broadened to create stackable UIM coverage for employees of the corporation. *See id.* at 540, 518 N.W.2d at 297. In *Meyer,* a police officer was injured when he attempted to turn off the engine of a suspect's car. *See id.* at 541, 518 N.W.2d at 297. At the time, Wausau Insurance provided a business auto policy to the city, with the city as the named insured. *See id.* The policy contained the same definition of who is an insured as is used in the General Casualty insurance policy here. *See id.* at 542–43, 518 N.W.2d at 298. The police officer argued that the term "you" was ambiguous because it could mean the city or any of its employees. *See id.* We rejected this argument, concluding that to stretch the coverage of the policy to include each employee as a named insured would "rewrite the policy" and "make a new contract for the parties," and "[t]his would extend the benefits granted and broaden

the risks imposed to a degree obviously never contemplated by the parties to the insurance contract nor intended by the legislature." *Id.* at 546, 518 N.W.2d at 299. We conclude the same reasoning applies here. If the "you" in General Casualty's policy was interpreted to include its employees, we would be rewriting the contract and broadening the risks neither party intended. General Casualty's policy clearly defines "[y]ou" as the named insured. We conclude that the policy language unambiguously states that "[y]ou" is Software Resources.

■

We are not persuaded by Mrs. Reed's argument that *Meyer* is distinguishable because it did not address her claim that the officer/director/shareholder position actually made Mr. Reed a "family member" of Software Resources. To conclude that Mr. Reed's position altered his classification as an occupancy insured would ignore the policy language. The policy plainly extends coverage to family members only if the named insured is an individual. The named insured, Software Resources, is not an individual. If Software Resources wanted its officers/directors/shareholders to have this additional coverage, it could have listed each as a named insured.

■

Finally, we reject Mrs. Reed's argument that unless the policy is interpreted to classify Mr. Reed as a named insured, the UIM coverage purchased by separate premiums would be illusory because stacking would never be permitted. Software Resources purchased meaningful coverage for its premium because each person who occupied a company owned car was entitled to UIM coverage for that automobile. The fact

that each occupant is not allowed to stack coverage does not render the UIM coverage non-existent.[1]

*By the Court.*—Judgment affirmed.

---

[1] We acknowledge that General Casualty's argument in this case is similar to the argument that it made in *Greene v. General Casualty Co. of Wisconsin*, 216 Wis. 2d 152, 576 N.W.2d 56 (1997), i.e., that because the declarations page of the policy stated that the company is the named insured and because the policy clearly limited coverage to the named insured, "occupancy insureds" were not covered. In *Greene*, this court rejected General Casualty's argument. But that was because the insurance policy in *Greene* contained an additional interest endorsement modifying the terms of the policy to include the driver, Michael Riekkoff, as a named insured. *See id.*, at 159, 576 N.W.2d at 60. No such endorsement exists in the instant case.