2000 ND 97

**Wolfgang MAU and Ena Mau, Plaintiffs and Appellants,**

v.

**NORTH DAKOTA INSURANCE RESERVE FUND, a corporation, Defendant,**

**and**

**National Union Fire Insurance Company of Pittsburgh, Pennsylvania, a corporation, Defendant and Appellee**

**No. 990217.**

Supreme Court of North Dakota.

May 17, 2000.

Duane A. Lillehaug (argued) and Leland F. Hagen of Lee Hagen Law Office, Ltd., Fargo, for plaintiffs and appellants.

William P. Harrie of Nilles, Hansen & Davies, Ltd., Fargo, for defendant and appellee.

[¶ 1] Wolfgang Mau ("Mau") and Ena Mau appealed a district court summary judgment dismissing their action against National Union Fire Insurance Company of Pittsburgh, Pennsylvania, ("National Union") for underinsured motorist benefits. Resolution of this appeal involves a question of Wisconsin law which may be determinative, and it appears to us there is no controlling precedent in the decisions of the supreme court and the court of appeals of Wisconsin. On our own motion, we are certifying an issue to the Wisconsin Supreme Court under N.D.R.App.P. 47(h).

## I

[¶ 2] Mau and Dieter Jung, residents of Germany, arranged with a German travel agent to rent a car from Alamo Rent–A–Car, Inc., ("Alamo") in Milwaukee, Wisconsin, for three weeks in 1997. Mau arrived in Milwaukee on April 4, 1997, and rented a car from Alamo.

[¶ 3] On April 5, 1997, Mau lost control of the rental car on I–94 west of Casselton, North Dakota. The vehicle came to rest with its front wheels over the shoulder of the road and could not be moved because of mud. A Cass County deputy sheriff arrived and parked his patrol car about 60 feet from the rental car. The deputy asked Jung and Mau to get into his car and was helping them make arrangements to have the rental car pulled out so they could continue their trip, when the patrol car was struck by a vehicle operated by Bette Mashburn of Mount Sterling, Illinois. Mau, sitting in the back seat of the patrol car, was seriously injured.

[¶ 4] Mau[1] settled his liability claim against Mashburn for her insurance policy limit of $100,000. Mau sued the North Dakota Insurance Reserve Fund ("NDIRF"), which insured the patrol car, and National Union, Alamo's insurer. The NDIRF policy had a limit of $1,000,000 for underinsured motorist coverage, and NDIRF settled Mau's claims for $715,000.

[¶ 5] On June 16, 1998, the district court issued an order for partial summary judgment, ruling North Dakota law applied. On June 4, 1999, the district court granted National Union's motion for summary judgment, ruling, in part:

2. That although the Plaintiff Wolfgang Mau was an occupancy insured for purposes of underinsured motorist coverage under the Alamo rental vehicle insured by National Union, the Plaintiff Wolfgang Mau was occupying the Cass County motor vehicle insured by the NDIRF at the time of the accident pur-

1. We will refer to Wolfgang Mau and Ena     Mau, collectively, as Mau.

suant to N.D.Cent.Code § 26.1–40–15.4(3)(a).

3. That the NDIRF underinsured motorist policy is primary pursuant to N.D.Cent.Code § 26.1–40–15.4(3), and the National Union underinsured motorist policy is a lower priority policy.

4. That underinsured motorist coverage is not available to Plaintiffs under the National Union policy because the $1,000,000 coverage available under the National Union policy insuring the Alamo rental vehicle does not exceed the $1,000,000 coverage available under the NDIRF policy insuring the Cass County motor vehicle pursuant to N.D.Cent. Code § 26.1–40–15.4(3).

(Docket Entry 97). A judgment dismissing the action against National Union was entered on June 9, 1999, and Mau appealed.

[¶ 6] Mau's insurance coverage is provided in the rental documents he received when he rented the Alamo car and in policies issued to Alamo by National Union. An Alamo rental voucher said:

THE FOLLOWING PRODUCTS, AS DESCRIBED IN THE RENTAL JACKET, ARE INCLUDED:

. . . .

-EP WITH BODILY INJURY LIABILITY LIMIT AND UM LIMIT OF 1 MILLION

(Appendix 78). Under "TERMS FOR RENTING AN ALAMO CAR," the rental agreement provided:

*Other Options:* . . . Extended Protection (EP), . . . and other such options are offered where permitted and are described and limited on the rental agreement jacket that I received from you and in any underlying policy.

. . . .

*Lawsuits:* I agree that the county within the state in which I signed this agreement is the only place where you or I may file any action relating to this agreement. In any such action the law of the state in which I signed this agreement shall apply. . . .

*State Law:* The law of the state of rental may change, limit or prohibit any part of this agreement (such as collision damage waiver, authorized drivers, or damage losses allowed). If so, that law applies.

(Appendix 79). The rental agreement jacket provided:

This is your Rental Agreement Jacket which contains important information about options you may purchase. The benefits are only as described in this Rental Agreement Jacket and in any underlying insurance policy covering the rental and are subject to the express terms and conditions of your Rental Agreement. Alamo offers no "full coverage" option.

. . . .

UNINSURED MOTORIST (UM)

UM provides benefits to you and any family members up to an aggregate single limit of $100,000. These benefits are provided to you or any family member who, while physically occupying the Alamo rental car when it is being driven by you or an authorized driver, suffers bodily injury or death by a negligent motorist, a negligent underinsured motorist or a negligent hit and run driver.

EXTENDED PROTECTION (EP)

If purchased, EP provides . . . UM protection as described above. *EP does not include any additional UM coverage above $100,000, except to the extent, if any, required by state law, and you and Alamo reject such additional UM coverage to the extent permitted by law.*

. . . .

. . . Alamo's policy is issued by National Fire Ins. Co. of Pittsburgh, PA ("National Union").

(Appendix 86).

[¶ 7] The declarations page of the National Union policy (RMCA 1432406) is-

sued to Alamo states the named insured and its mailing address:

ALAMO RENT–A–CAR, INC.—"see endorsement # 3"

110 SE 6th ST.

FT. LAUDERDALE, FL 33301

(Appendix 131). Endorsement # 3 specifies Alamo and a number of other named insureds.[2] The policy provides: "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations. The words 'we,' 'us' and 'our' refer to the Company providing this insurance." (Appendix 134). (Section II—Liability Coverage, provides in Paragraph A(1)):

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow. . . .

(Appendix 135). The declarations page includes uninsured motorist coverage for renters, subject to Endorsement # 11, which provides, in part:

*MASTER UNINSURED/UNDERIN-SURED MOTORISTS REJECTION ENDORSEMENT*

In all states where permissable to do so, Uninsured/Underinsured Motorist Coverage is REJECTED except as follows:

1. Only while occupying the Alamo rental vehicle, any rentee/lessee who purchases the Extended Protection (EP) Option, the International Extended Protection Option (IEP), or the Uninsured Motorists Protection (UMP) Option, but only while the Alamo vehicle is being driven by the rentee/lessee or an "Alamo Authorized Additional Driver" and all terms and conditions of the Rental Agreement have been met.

2. Only while occupying the Alamo rental vehicle, any rentee/lessee or "Alamo Authorized Additional Driver" where the Named Insured has contractually agreed to provide limits covered by this policy, but only while the Alamo vehicle is being driven by the rentee/lessee or an "Alamo Authorized Additional Driver" and all terms and conditions of the Rental Agreement have been met.

(Appendix 155).

[¶ 8] Another National Union policy (RMCA 1432440) issued to Alamo provided excess auto liability coverage for renters, like Mau, purchasing International Extended Protection (IEP). The excess auto liability policy was available to Mau because he purchased the International Extended Protection. The declarations page of the excess auto liability policy provides: "NAMED INSURED: SEE ENDORSEMENT # 1." (Appendix 168). Endorsement # 1 to that policy defined as an "Insured" one who rents an Alamo car "Only while occupying the Alamo rental vehicle, any rentee/lessee who purchases the International Extended Protection (IEP) Option, but only while the Alamo vehicle is being driven by the rentee/lessee." (Appendix 172). Policy No. RMCA 1432440 incorporated the terms, conditions, and exclusions of the underlying policy (RMCA 1432406). A modifying uninsured motorist coverage endorsement provides:

A. COVERAGE

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership maintenance or

---

**2.** Endorsement # 3 does not specify renters in general, or Mau in particular, as named insureds.

use of the "uninsured motor vehicle".

. . . .

B. EXCLUSIONS

This insurance does not apply to any of the following:

. . . .

2. "Bodily Injury" sustained by you or any "family member" unless occupying the Alamo rental vehicle.

C. LIMIT OF INSURANCE

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the difference in limits between $1,000,-000 and the underlying insurance or minimum financial responsibility bodily injury limits where Alamo is a Qualified Self Insurer.

(Appendix 174). That endorsement defined "occupying" as "in, upon, getting in, on, out or off the rental vehicle," defined an uninsured motor vehicle as one for which no liability policy provided "at least the amounts required by the applicable law where a covered 'auto' is principally garaged," and defined "an underinsured motor vehicle" as an uninsured motor vehicle. (Appendix 176).

II

[¶ 9] Mau contends the insurance contract involved in this case is governed by Wisconsin law,[3] rather than North Dakota law, and under Wisconsin law, he is entitled to recover underinsured motorist benefits from National Union. The trial court held North Dakota law applies, and there is no coverage. National Union argues that although choice of laws analysis is not necessary because there is no coverage under either North Dakota or Wisconsin law, the trial court did not err in applying

North Dakota law because the relevant contacts balance out and the determining factor should be the place of the accident.

[¶ 10] Mau asserts application of Wisconsin or North Dakota law will cause different results:

Mau and National Union dispute which state's law is better: Wisconsin or North Dakota. The bottom line is that under the interpretation of Wisconsin law, as cited in this brief, Mau would have Wisconsin's "personal and portable" UIM coverage available. The total insurance coverage available would be $2.1 million. Under the interpretation advanced by National Union under North Dakota law, he would have only $1.1 million, with UIM limited to that on the vehicle he was physically occupying at the time of the crash.

[¶ 11] Mau relies on *West Bend Mut. Ins. Co. v. Playman,* 171 Wis.2d 37, 489 N.W.2d 915 (1992); *St. Paul Mercury Ins. Co. v. Zastrow,* 166 Wis.2d 423, 480 N.W.2d 8 (1992); *Wood v. American Family Mut. Ins. Co.,* 148 Wis.2d 639, 436 N.W.2d 594 (1989); *Martin v. Milwaukee Mut. Ins. Co.,* 146 Wis.2d 759, 433 N.W.2d 1 (1988); *Schwochert v. American Family Mut. Ins. Co.,* 139 Wis.2d 335, 407 N.W.2d 525 (1987); *Welch v. State Farm Mut. Auto. Ins. Co.,* 122 Wis.2d 172, 361 N.W.2d 680 (1985); *Rodey by Richardson v. Stoner,* 180 Wis.2d 309, 509 N.W.2d 316 (Ct. App.1993); and *Landvatter v. Globe Sec. Ins. Co.,* 100 Wis.2d 21, 300 N.W.2d 875 (Ct.App.1980), to "show that in Wisconsin, uninsured and underinsured motorists coverage is 'personal and portable,' and that the full $1 million in coverage is available to Mau."

[¶ 12] The foregoing decisions relied upon by Mau involve individual policies. National Union relies on *Carrington v. St. Paul Fire & Marine Ins. Co.,* 169 Wis.2d

---

**3.** The rental agreement provided, in part:

*Lawsuits:* I agree that the county within the state in which I signed this agreement is the only place where you or I may file any action relating to this agreement. In any such action the law of the state in which I signed this agreement shall apply.

211, 485 N.W.2d 267 (1992); *Martin v. Milwaukee Mut. Ins. Co.*, 146 Wis.2d 759, 433 N.W.2d 1 (1988); and *Meyer v. City of Amery*, 185 Wis.2d 537, 518 N.W.2d 296 (Ct.App.1994), to show "[t]he restriction of renters such as Plaintiff as 'occupancy insureds' is valid and enforceable under Wisconsin law."

[¶ 13] Mau has not shown he was occupying or using the rental car under Wisconsin law when he was injured.

[¶ 14] Wisconsin Stat. § 632.32(5)(e) provides: "A policy may provide for exclusions not prohibited by sub. (6) or other applicable law." Wisconsin Stat. § 632.32(6) provides:

(b) No policy may exclude from the coverage afforded or benefits provided:

. . . .

2.a. Any person who is a named insured or passenger in or on the insured vehicle, with respect to bodily injury, sickness or disease, including death resulting therefrom, to that person.

Relying on the declarations page and Endorsement # 1 to the National Union excess policy, it may be argued Mau is a named insured under Wis. Stat. § 632.32(6)(b)(2).[4] Wisconsin Stat. § 632.32(6)(b)(2) does not specifically prohibit an insurance policy from excluding a person who is not a named insured or passenger in or on the insured vehicle. Endorsement # 1 to the excess policy defines an "insured" as *Only while occupying the Alamo rental vehicle,* any rentee/lessee who purchases the International Extended Protection (IEP) Option, but only while the Alamo vehicle is being driven by the rentee/lessee." (Emphasis added.) Thus, by definition in the endorsement, Mau arguably was not an insured while sitting in the patrol car, if the "only while occupying" limitation is valid under Wisconsin law. Wisconsin Stat. § 632.32 expressly prohibits certain exclusions but

does not prohibit all exclusions. *See Clark v. American Family Mut. Ins. Co.*, 218 Wis.2d 169, 577 N.W.2d 790, 793 (1998) (determining a territorial exclusion for uninsured motorist coverage was valid); *Blazekovic v. City of Milwaukee*, 225 Wis.2d 837, 593 N.W.2d 809 (Ct.App.), *review granted*, 602 N.W.2d 758 (1999) (interpreting Wis. Stat. § 632.32(4)(a), (5) (e, j), (6), and determining statutory amendments to § 632.32 did not make all "drive other car" exclusions permissible). Wisconsin Stat. § 632.32(6) does not appear to specifically prohibit an insurance policy specifying only a corporation as the named insured from defining an insured as a person occupying the insured vehicle, thereby excluding from coverage a person who is not occupying the vehicle. On the other hand, although Wis. Stat. § 632.32(5)(j) permits a policy provision which would exclude UIM coverage to a named insured who is occupying an owned vehicle, not listed in the policy and which meets neither the policy definition of a newly acquired vehicle nor replacement vehicle, it does not appear to make all "drive other car" exclusions permissible and may implicitly prohibit such exclusions.

III

[¶ 15] We have examined the cited Wisconsin authorities, and it is unclear to us what course the Wisconsin courts would follow in the circumstances presented. Therefore, under Wis. Stats. Ch. 821, we respectfully certify the following question to the Wisconsin Supreme Court:

Is Endorsement # 1 defining an "Insured" as "Only while occupying the Alamo rental vehicle, any rentee/lessee who purchases the International Extended Protection (IEP) Option, but only while the Alamo vehicle is being driven by the rentee/lessee" valid under Wisconsin law to preclude underinsured motorist cov-

4. Wisconsin Stat. § 600.03(26) defines an "insured": " 'Insured' means any person to whom or for whose benefit an insurer makes a promise in an insurance policy. . . . This

definition applies only to chs. 600 to 655 and does not apply to the use of the word in insurance policies."

erage to one who rents a car from Alamo, purchases the IEP Option, and is injured while sitting in a different car?

[¶ 16] We invite the justices of the Wisconsin Supreme Court to reformulate our question if they deem it appropriate. We do not intend anything in this certification to limit the scope of their inquiry. The clerk of this Court shall transmit the briefs and appendices in this case and a copy of this opinion to the Wisconsin Supreme Court. Further proceedings in this Court are stayed while this matter is considered by the Wisconsin Supreme Court.

[¶ 17] We order this question of law certified to Wisconsin Supreme Court.

[¶ 18] Gerald W. Vande Walle, C.J.
Dale V. Sandstrom
Carol Ronning Kapsner
Mary Muehlen Maring
William A. Neuman