David C. NIEMANN, Plaintiff-Appellant and Cross-Respondent,

v.

BADGER MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Defendant-Respondent and Cross-Appellant.

Court of Appeals

*No. 87–0277. Submitted on briefs September 1, 1987.—Decided January 12, 1988.*

(Also reported in 420 N.W.2d 378.)

For the plaintiff-appellant and cross-respondent the cause was submitted on the briefs of *Howard A. Davis* and *Virginia M. Antoine* of *Habush, Habush & Davis,* of Milwaukee.

For the defendant-respondent and cross-appellant the cause was submitted on the briefs of *John J. Laffey* and *John U. Schmid, Jr.,* of *Borgelt, Powell, Peterson & Frauen,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J. David C. Niemann (Niemann) appeals from an order enforcing the reducing clause under the uninsured motorist section of his policy

with Badger Mutual Insurance Company (Badger Mutual). Badger Mutual cross-appeals from that part of the order which declares void the "regular use" exclusionary clause under the uninsured provision. We hold that the reducing clause and the "regular use" exclusionary clause violate sec. 632.32(4)(a), Stats.

## FACTS

The facts are not in dispute. This appeal arises out of an automobile accident in which Niemann was injured.[1] Niemann was a passenger in a car driven by Tony Snow (Snow). Niemann and Snow were Milwaukee police officers and on duty at the time of the accident. The car in which they were riding was a marked squad car. The police vehicle, while operating as an emergency vehicle with lights and siren activated, was struck by a car driven by Ada McGee, an uninsured motorist.

At the time of the accident, Niemann owned a 1980 Dodge Omni insured by Badger Mutual. The policy, as required by sec. 632.32(4)(a), Stats., provided uninsured motorist coverage in the amount of $25,000 per person and $50,000 per accident. Niemann also owned another vehicle insured by Mutual Service Casualty Company (Mutual Service). This policy also provided uninsured motorist coverage of $25,000 per person and $50,000 per accident.

Mutual Service paid Niemann $25,000 pursuant to the uninsured motorist provision of its policy. Niemann also received $32,400 in worker's compensa-

---

[1] The parties stipulated that Niemann suffered injuries and damages in excess of $50,000.

tion benefits. Badger Mutual, however, refused to pay Niemann under the uninsured motorist provision of its policy. Badger Mutual denied the claim based upon a reducing clause and a "regular use" exclusionary clause under the uninsured motorist provision.

After Niemann commenced this action, he sought a declaratory judgment finding that the reducing clause and the "regular use" exclusionary clause were void and that $25,000 was available to him under the uninsured motorist provision of Badger Mutual's policy. The trial court found the "regular use" exclusionary clause to be void, but also found the reducing clause to be valid and that Badger Mutual was not liable under the uninsured motorist provision of its policy.

## STANDARD OF REVIEW

"The granting or denying of relief in a declaratory judgment action is a matter within the sound discretion of the trial court." *State ex rel. Brennan v. Branch 24,* 104 Wis. 2d 72, 75, 310 N.W.2d 629, 630 (Ct. App. 1981). An appellate court will not upset the trial court's discretionary decision unless there is an abuse of discretion. "If a trial court bases the exercise of discretion upon an error of law, that judge's conduct is beyond the limits of his/her discretion." *Id.* at 75, 310 N.W.2d at 630–31.

## REDUCING CLAUSE

The reducing clause appears in the uninsured motorist section of the Badger Mutual policy under the heading "Limits of Liability." The provision provides that "[a]ny amounts payable will be reduced

by ... . The amount paid and present value of all amounts payable because of the bodily injury under any workers' compensation law, disability benefits law or any similar law."

Niemann argues that this reducing provision violates sec. 632.32(4)(a), Stats., because it reduces the amount of coverage provided by the policy below the minimum coverage mandated by the statute.

The uninsured motorist statute, sec. 632.32(4)(a), Stats., requires the policy in this case to include uninsured motorist coverage. Sec. 632.32(4)(a), provides:

> Required uninsured motorist and medical payments coverages. Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:
>
> (a) Uninsured motorist. 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident. The insurer may increase the coverage limits provided under this paragraph up to the bodily injury liability limits provided in the policy

██

The purpose of uninsured motorists coverage is to compensate an insured who is the victim of an

uninsured motorist's negligence to the same extent as if the uninsured motorist were insured. *Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 591, 405 N.W.2d 327, 331 (1987). Uninsured coverage substitutes for insurance that the tortfeasor should have had. *Id.* at 592, 405 N.W.2d at 331.

In the present case, if McGee would have been insured for the total amount of the uninsured motorist coverages, Niemann would have recovered $82,400—$50,000 from McGee's insurance carrier under its liability coverage and $32,400 from worker's compensation.[2] If the reducing clause is enforced, Niemann will only recover $57,400. If the purpose of the uninsured motorist statute is to be achieved, Niemann must be entitled to the proceeds under the uninsured motorist coverage without reductions that would not have been available had the uninsured motorist been insured. *Id.* We conclude that the reducing clause is contrary to sec. 632.32(4)(a), Stats., and is unenforceable.[3]

## "REGULAR USE" EXCLUSIONARY CLAUSE

We are also presented with the question of whether the "regular use" exclusionary clause under the uninsured motorist provision of the policy violates sec. 632.32(4)(a), Stats. The "regular use" exclusionary clause states that the "coverage does not apply to bodily injury sustained by a person: (1) while occupy-

[2]An employer or compensation carrier shall be reimbursed for payments made by it under the Worker's Compensation Act from the proceeds of a third party claim. Sec. 102.29(1), Stats.

[3]Because of this determination, we do not address Niemann's correlative arguments regarding the reducing clause.

ing a motor vehicle owned by you or a relative or furnished for your regular use." The parties stipulated that the vehicle, a squad car, occupied by Niemann at the time of the accident was furnished for his regular use.

In *Welch v. State Farm Mutual Automobile Insurance Company,* 122 Wis. 2d 172, 361 N.W.2d 680 (1985), a similar question was presented. *Welch* involved an uninsured motorist provision which excluded coverage for accidents involving motor vehicles owned by the insured but not included in the policy. Our Supreme Court held the exclusion to be contrary to the uninsured motorist statute. *Id.* at 181, 361 N.W.2d at 685. The court stated:

> There is no requirement in the uninsured motorist statute that the insured be occupying an insured vehicle at the time of an accident. We conclude ... that "there is no connection between the insured and the automobile listed on the policy. The named automobile merely illustrates that the person has satisfied the legal requirement of purchasing insurance and has uninsured motorist coverage ...." *Jacobson v. Implement Dealers Mut. Ins. Co.,* 640 P.2d 908, 912 (Mont. 1982). Thus, once uninsured motorist coverage is purchased, the insured, and his or her relatives insured for liability, have uninsured motorist protection under all circumstances. They are insured "when injured in an owned vehicle named in the policy, in an owned vehicle not named in the policy, in an unowned vehicle, on a motorcycle, on a bicycle, whether afoot or on horseback or even on a pogo stick." *Bradley,* at 152. *Accord Federated American Ins. Co. v. Reynes,* 563 P.2d 815, 818 (Wash. 1977).

*Id.* at 180–81, 361 N.W.2d at 684–85.

Once Niemann purchased uninsured motorist coverage he was protected under *all circumstances.* We conclude that the "regular use" exclusionary clause is contrary to sec. 632.32(4)(a), Stats.

## CONCLUSION

We hold that the reducing clause and "regular use" exclusionary clause are contrary to the uninsured motorist statute, sec. 632.32(4)(a), Stats. This matter is remanded to the circuit court to enter judgment in the sum of $25,000.

*By the Court.*—Order affirmed in part, reversed in part and cause remanded.