Bradley CLARK, Barnes A. Clark, Plaintiffs-Respondents,

ABC INSURANCE COMPANY, Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Supreme Court

*No. 97–0970. Oral argument March 5, 1998.—Decided May 21, 1998.*

(On certification from the court of appeals.)

(Also reported in 577 N.W.2d 790.)

170

For the defendant-appellant there were briefs by *John M. Moore, David J. Pliner* and *Bell, Metzner, Gierhart & Moore, S.C.*, Madison and oral argument by *David J. Pliner*.

For the plaintiffs-respondents there was a brief by *John M. Riley* and *Atterbury, Riley & Luebke, S.C.*, Madison and oral argument by *John M. Riley*.

¶ 1. WILLIAM A. BABLITCH, J. American Family Mutual Insurance Company appeals from an order of the circuit court which determined that a territorial exclusion contained in an insurance policy for uninsured motorist coverage was not valid under Wisconsin law. Bradley Clark (Clark) was injured on an island off the coast of Greece when the brakes failed on a moped that he had rented from an uninsured Greek citizen. Clark claimed uninsured motorist coverage under his father's automobile policy with American Family. The territorial exclusion in the policy excluded coverage for accidents occurring outside the United States and Canada. Because Wisconsin Statutes expressly allow exclusions not otherwise prohibited by law, and because an exclusion such as the one provided in this insurance policy is not prohibited by law, we reverse the order of the circuit court.

¶ 2. The facts relevant to the determination of this appeal are not in dispute. In 1991, Clark, then 22 years old, was injured while driving a rented moped on an island off the coast of Greece. The brakes failed on

the moped, and he was thrown. The owner of the moped was an uninsured Greek citizen.

¶ 3.  Because the Greek citizen was uninsured, Clark sought recovery under the uninsured motorist provisions of his father's three automobile insurance policies with American Family Insurance. American Family denied coverage because each policy contains a general territorial exclusion which provides as follows: "This policy covers only accidents, occurrences, and losses which occur: a. Within the United States of America, its territories or possessions, or Canada, or between their ports. . . ." This territorial exclusion is included in the section of the policy titled "General Provisions" and applies to all sections of the policy.

¶ 4.  Clark and his father, the insurance policy-holder, filed suit against American Family, claiming that Clark was entitled to uninsured motorist coverage from American Family for the injuries he sustained in the accident. American Family filed a motion for summary judgment on several grounds including its assertion that the territorial exclusion in the policy barred Clark's recovery. The circuit court denied summary judgment on all grounds. With respect to the territorial exclusion, the court reasoned that although Wis. Stat. § 632.32(5)(e) (1989–90)[1] allows insurance companies to create exceptions from coverage for both liability and uninsured motorist coverage, case law has not upheld exceptions from uninsured motorist protection. Therefore, the circuit court determined that the territorial exclusion in American Family's policy did not apply to uninsured motorist coverage and, accordingly, Clark's claim for uninsured motorist benefits was covered.

[1] References to Wisconsin Statutes is to the 1989–90 version unless otherwise noted.

¶ 5. The case proceeded to trial. The jury found the Greek citizen to be 65 percent negligent for failing to maintain the moped and found Clark to be 35 percent contributorily negligent for the accident. After imposing the 35 percent reduction for Clark's contributory negligence, *see* Wis. Stat. § 895.045, damages were assessed at $314,726. The circuit court granted Clark's motion for judgment on the verdict for damages of $314,726 together with costs of $8,913.

¶ 6. American Family appealed, and the court of appeals certified the case to this court, pursuant to Wis. Stat. § (Rule) 809.61, to determine whether a territorial exclusion included in an insurance policy for uninsured motorist coverage is valid. This question requires that we interpret Wis. Stat. § 632.32, governing uninsured motorist coverage. Statutory interpretation is a question of law which we review de novo. *See Stockbridge School Dist. v. DPI*, 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996). The main goal of statutory interpretation is to discern the intent of the legislature. *See Anderson v. City of Milwaukee*, 208 Wis. 2d 18, 25, 559 N.W.2d 563 (1997) (citations omitted). We first look to the plain language of the statute. *See id.* If the plain language is ambiguous, we turn to extrinsic aids such as the legislative history, scope, context and purpose of the statute to determine legislative intent. *See id.*

¶ 7. Wisconsin Stat. § 632.32 applies to all motor vehicle insurance policies issued or delivered in Wisconsin. *See* § 632.32(1). Wisconsin Stat. § 632.32(4)(a) requires that every automobile liability insurance policy issued in this state include uninsured motorist coverage. The statute requires uninsured motorist cov-

erage in limits of at least $25,000 per person and $50,000 per accident. *See* § 632.32(4)(a).

¶ 8.  Wisconsin Stat. § 632.32 also allows insurance companies to provide exclusions in automobile policies. *See* Wis. Stat. § 632.32(5)(e). "A policy may provide for exclusions not prohibited by sub. (6) or other applicable law." § 632.32(5)(e). This subsection is not ambiguous, and the legislature's intent is clear. We need not look beyond this unambiguous statutory language to discern the legislature's intent: the intent is to provide that an insurance contract may include exclusions not specifically listed in Wis. Stat. § 632.32(6) or prohibited by other applicable law.

¶ 9.  Therefore, the present case is resolved by considering: 1) whether the territorial exclusion in American Family's policy is prohibited by Wis. Stat. § 632.32(6); if not, then 2) whether the territorial exclusion is prohibited by other applicable law. If the answer to both questions is no, the territorial exclusion included in American Family's automobile insurance contract is valid and bars Clark's claim for uninsured motorist coverage.

■

¶ 10.  Nothing in Wis. Stat. § 632.32(6) (reprinted below)[2] prohibits a territorial exclusion for uninsured

---

[2] Wis. Stat. § 632.32(6) provides in full:

(a)  No policy issued to a motor vehicle handler may exclude coverage upon any of its officers, agents or employes when any of them are using motor vehicles owned by customers doing business with the motor vehicle handler.

(b)  No policy may exclude from the coverage afforded or benefits provided:

1.  Persons related by blood or marriage to the insured.

2. a.  Any person who is a named insured or passenger in or on the insured vehicle, with respect to bodily injury, sickness or disease, including death resulting therefrom, to that person.

motorist coverage. There is no possible way to construe § 632.32(6) on its face as prohibiting a territorial exclusion for uninsured motorist coverage. Therefore, the answer to the first question, whether the territorial exclusion in American Family's policy is prohibited by § 632.32(6), is "no."

¶ 11.  The second question is whether "other applicable law" prohibits an insurance company from imposing a territorial exclusion on uninsured motorist insurance coverage. Clark has not pointed to any statute which expressly prohibits a territorial exclusion for uninsured motorist coverage, and we can find none. However, Clark points to language in Wis. Stat. § 344.33(2) which requires that liability insurance extend to "damages arising out of the maintenance or use of the motor vehicle within the United States of America or the Dominion of Canada. . . ." § 344.33(2). He argues that the absence of similar language in Wis. Stat. § 632.32(4)(a) shows a legislative intent to not

---

b.  This subdivision, as it relates to passengers, does not apply to a policy of insurance for a motorcycle as defined in s. 340.01(32) or a moped as defined in s. 340.01(29m) if the motorcycle or moped is designed to carry only one person and does not have a seat for any passenger.

3.  Any person while using the motor vehicle, solely for reasons of age, if the person is of an age authorized to drive a motor vehicle.

4.  Any use of the motor vehicle for unlawful purposes, or for transportation of liquor in violation of law, or while the driver is under the influence of an intoxicant or a controlled substance under ch. 161 or a combination thereof, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving, or any use of the motor vehicle in a reckless manner. In this subdivision, "drug" has the meaning specified in s. 450.01(10).

(c)  No policy may limit the time for giving notice of any accident or casualty covered by the policy to less than 20 days.

apply a territorial exclusion to uninsured motorist coverage. We are not persuaded by Clark's argument. Section 344.33(2) does not mandate that § 632.32(4) provide coverage for the entire world as Clark invites us to read these statutes. Section 344.33(2) sets a floor, not a ceiling. Section 344.33(2) says that liability policies must provide coverage in the United States and Canada; it does not preclude an insurance company from providing coverage outside the United States and Canada. Accordingly, the absence of a similar mandated minimal coverage area in § 632.32(4) cannot be read as implying a legislative mandate to cover the entire world.

¶ 12.   We also discern no case law which prohibits territorial exclusions for uninsured motorist coverage. Although the exact question presented by this case is one of first impression, this court and the court of appeals have, on several occasions, been faced with clauses in insurance policies which limited or excluded uninsured motorist coverage in certain situations. Clark argues that the courts have consistently invalidated attempts to restrict the scope of uninsured motorist coverage. However, in each instance, the court relied on legislative intent as expressed in a specific statutory provision to hold the limiting or exclusionary clause void and invalid.

¶ 13.   A survey of Wisconsin case law cited to us by the plaintiff shows that in several cases, the courts relied on Wis. Stat. § 631.43(1), allowing stacking of uninsured motorist coverage, to invalidate insurance policy clauses which limited uninsured motorist coverage. *See, e.g., Welch v. State Farm Mutual Automobile Ins. Co.*, 122 Wis. 2d 172, 361 N.W.2d 680 (1985); *Carrington v. St. Paul Fire & Marine Ins.*, 164 Wis. 2d 148, 473 N.W.2d 591 (Ct. App. 1991); *Hulsey v. American*

*Family Mutual Ins. Co.*, 142 Wis. 2d 639, 419 N.W.2d 288 (Ct. App. 1987); *Parks v. Waffle*, 138 Wis. 2d 70, 405 N.W.2d 690 (Ct. App. 1987).[3] In the other cases cited by the plaintiff, the courts relied on Wis. Stat. § 632.32(4)(a), requiring that uninsured motorist coverage be included in insurance policies, to invalidate insurance policy clauses which limit uninsured motorist coverage. *See, e.g., St. Paul Mercury Ins. Co. v. Zastrow*, 166 Wis. 2d 423, 480 N.W.2d 8 (1992); *Nicholson v. Home Ins. Co.*, 137 Wis. 2d 581, 405 N.W.2d 327 (1987); *Niemann v. Badger Mutual Ins. Co.*, 143 Wis. 2d 73, 420 N.W.2d 378 (Ct. App. 1988); *Hulsey*, 142 Wis. 2d at 639.[4] However, neither § 631.43(1) nor § 632.32(4)(a) is applicable to territorial exclusions.

¶ 14.   A further distinguishing factor is that all of the cases cited by the plaintiff occurred within the United States. None of these cases raised or decided the issue of territorial exclusions.

¶ 15.   Clark also points to language in *Welch* in which this court stated that "uninsured motorist coverage is personal and portable coverage which protects the insured from uninsured motorists in all instances."

[3] We note that the Wisconsin legislature overturned this series of cases when it enacted 1995 Wis. Act 21 which, among other things, created Wis. Stat. § 632.32(5)(f). Section 632.32(5)(f) allows insurance policies to prohibit stacking of coverage. However, this statute was first effective on July 15, 1995, *see* 1995 Wis. Act 21, § 5–6, long after the accident involving Clark occurred.

[4] We note that when the Wisconsin legislature enacted 1995 Wis. Act 21, it also overturned this series of cases with the creation of Wis. Stat. § 632.32(5)(g), (i), and (j). *See* 1995 Wis. Act 21, § 4. Again, this statute was first effective on July 15, 1995, *see* 1995 Wis. Act 21, § 5–6, long after the accident involving Clark occurred.

*Welch*, 122 Wis. 2d at 179. We agree with respondent's argument that the description in *Welch* of uninsured motorist coverage as "personal and portable coverage which protects the insured from uninsured motorists in all instances" refers generally to uninsured motorist coverage and is not tied to Wis. Stat. § 631.43(1), the stacking statute.

¶ 16. Nevertheless, we conclude that this description of uninsured motorist coverage does not bar an insurance company from excluding uninsured motorist coverage outside the United States and Canada.

¶ 17. In prior cases this court has viewed the statutorily required uninsured motorist coverage provision as if it were the liability coverage of the tortfeasor. The purpose of uninsured motorist coverage "is to compensate an insured who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured." *Nicholson*, 137 Wis. 2d at 591–92. The purpose of uninsured motorist coverage is not to compensate the victim to a extent greater than would be available if the tortfeasor were insured. Thus uninsured motorist coverage essentially substitutes for insurance that the tortfeasor should have had.

¶ 18. Stated another way, by purchasing uninsured motorist coverage, the plaintiffs purchased liability coverage for the uninsured Greek citizen, subject however to the territorial exclusions within the United States and Canada. *See, e.g.*, Wis. Stat. § 344.33(2) (requiring liability insurance coverage within the United States and Canada). It is in keeping with prior cases and Wis. Stat. § 632.32 to construe the territorial limitations on coverage the same for both liability coverage and uninsured motorist coverage.

¶ 19. In conclusion, the legislature clearly and unambiguously expressed its intent through enactment of Wis. Stat. § 632.32(5)(e) to allow insurance companies to provide exclusions not otherwise prohibited by law. Wisconsin Stat. § 632.32(6) expressly prohibits certain exclusions but does not prohibit territorial exclusions. Wisconsin Stat. § 631.43 expressly prohibits provisions which have the effect of reducing aggregate protection; that is, provisions which do not allow stacking of uninsured motorist coverage but that statute is not relevant to this case. Wisconsin Stat. § 632.32(4)(a) expressly mandates that automobile insurance policies include uninsured motorist coverage but is also not relevant to this case. Therefore, neither statutes nor case law expressly prohibit territorial limitations such as that included in the American Family policy at issue in this case. Accordingly, we hold that the territorial exclusion for uninsured motorist coverage contained in this policy is valid. Because we reach this conclusion, we need not address the other issues raised by this case.

*By the Court.*—The order of the circuit court is reversed.