Monica M. BLAZEKOVIC, Plaintiff-Respondent,

CITY OF MILWAUKEE, Plaintiff,

v.

CITY OF MILWAUKEE, City of Milwaukee Fire Department, Donald V. Dillard, Linda O. Dillard, Defendants,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and American Standard Insurance Company of Wisconsin, Defendants-Appellants.†

Court of Appeals

*No. 98–1821–FT. Submitted on briefs October 7, 1998.—Decided March 23, 1999.*

(Also reported in 593 N.W.2d 809.)

†Petition to review granted.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Beth A. Boyer-Ryan* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Robert L. Elliott* of Milwaukee.

Before Fine, Schudson and Curley, JJ.

CURLEY, J. American Standard Insurance Company (American Standard) and American Family Mutual Insurance Company (American Family) appeal the trial court's denial of their summary declaratory judgment motion seeking a finding that the exclusion in their automobile insurance policies issued to Monica M. Blazekovic (Blazekovic) was valid, and that consequently, Blazekovic had no uninsured motorist coverage under their policies. The insurance companies contend that the trial court erred in finding that their policies' exclusion of uninsured motorist coverage to Blazekovic was invalid under Wisconsin law. Because the policies' exclusion did not meet the test of a permissible "drive other car" exclusion under § 632.32(5)(j), STATS., we affirm.

Blazekovic, a City of Milwaukee firefighter, was injured when the fire truck she was occupying was struck by a car driven by an uninsured motorist. At the time of the accident Blazekovic owned a pickup truck insured by American Family and a car insured by American Standard. Both policies provided her with uninsured motorist coverage with limits of $50,000 for each person and $100,000 for each accident. Both policies contained an identical exclusion entitled "Endorsement 44," which read:

"EXCLUSION OF NON-OWNED EMERGENCY TYPE AUTOMOBILE ENDORSEMENT"

The insurance provided by this policy under Part I, Part II, Part III [Uninsured Motorists Coverage], Part IV, Part V or Underinsured Motorist Coverage shall not apply to Blazekovic, Monica when using non-owned emergency type vehicles in connection

839

with his or her employment, occupation, or profession.

Blazekovic originally commenced suit against the driver of the car and the City of Milwaukee Fire Department, but later filed an amended complaint naming her two insurance companies as defendants. In her amended complaint, Blazekovic sought uninsured motorist coverage from American Family and American Standard for her damages. American Family and American Standard filed a summary declaratory judgment motion seeking dismissal of the action against them, arguing that "Endorsement 44" precluded uninsured motorist coverage because Blazekovic was injured during the course of her employment while using a non-owned emergency-type vehicle. The trial court denied the motion, holding that "Endorsement 44" was an invalid exclusion of uninsured motorist coverage. American Family and American Standard then entered a stipulation and order permitting judgment to be entered against them in the amount of $9,000, and this appeal follows.[1]

■■■■

The methodology and the standard of review of summary judgment motions are well known and need not be repeated here. The court of appeals reviews summary judgment motions *de novo*. *See Sawyer v. Midelfort*, 217 Wis. 2d 795, 804, 579 N.W.2d 268, 271 (Ct. App. 1998). Further, when interpreting statutes the main goal of the appellate court is to discern the legislative intent. *See Clark v. American Family Mut. Ins. Co.*, 218 Wis. 2d 169, 173, 577 N.W.2d 790, 791 (1998).

---

[1] American Family and American Standard filed a petition seeking leave to appeal a non-final order which was denied.

The insurance companies argue that the trial court erred in failing to grant their summary declaratory judgment motion. They contend that the exclusion found in Blazekovic's automobile insurance policies is valid under § 632.32(5)(e), STATS., which reads: "A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6) (b)." The insurance companies claim that their exclusion has been validated by legislative changes which now permit "drive other car" exclusions and these statutory changes overturned prior case law prohibiting this type of exclusion. They also assert that *Clark*, which held that the territorial exclusion for uninsured motorist coverage found in the subject automobile policy was valid, supports their position. *See Clark*, 218 Wis. 2d at 171, 577 N.W.2d at 790.

Blazekovic counters that the appellants' analysis is incomplete. Blazekovic concedes that § 632.32(5)(e) requires a review of § 632.32(6) to establish whether an exclusion is permissible and that § 632.32(6) does not prohibit this type of exclusion. But, she observes, to be valid under § 632.32(5)(e), an exclusion must not be contrary to other applicable law and, unlike the exclusion found in *Clark*, § 632.32(5)(j), implicitly prohibits this exclusion. Finally, Blazekovic notes that since the exclusion in *Clark* was an entirely different type than the one found in her policies, *Clark* is not dispositive. We agree with all of Blazekovic's arguments.

Pursuant to Wisconsin law, certain provisions must be offered in automobile and motor vehicle insurance policies issued or delivered in Wisconsin. These provisions are found in Chapter 632, Subchapter IV.

One of the mandatory requirements is that policies of automobile and motor vehicle insurance provide uninsured motorist coverage. *See* § 632.32(4)(a), STATS. Both of the policies issued to Blazekovic included uninsured motorist coverage. As noted, however, American Family and American Standard argue that, under the controlling statute and case law, their exclusion found in Blazekovic's policies is valid and she has no uninsured motorist insurance coverage for her injuries because she was occupying a non-owned emergency-type vehicle during the course of her employment when she was injured.

We note that much of the case law dealing with the near total prohibition of exclusions in uninsured motorist coverage has been overturned by legislative changes. *See Clark*, 218 Wis. 2d at 177 nn.3 & 4, 577 N.W.2d at 793 nn.3 & 4. Despite these sweeping changes in the law regulating uninsured motorist coverage, we conclude that the exclusion here is still invalid. We first explore the statutes dealing with exclusions of uninsured motorist coverage. The statutes pertinent to resolving the issue presented here are §§ 632.32(5)(e), 632.32(6), and 632.32(5)(j), STATS. Section 632.32(5)(e), sets out the test for determining if an exclusion is permissible in a motor vehicle insurance policy. It states that "[a] policy may provide for exclusions not prohibited by sub. (6) or other applicable law." Section 632.32(6), STATS., reads:

> *(6)* PROHIBITED PROVISIONS. (a) No policy issued to a motor vehicle handler may exclude coverage upon any of its officers, agents or employes when any of them are using motor vehicles owned by customers doing business with the motor vehicle handler.
> (b)   No policy may exclude from the coverage afforded or benefits provided:

1. Persons related by blood or marriage to the insured.

2. a. Any person who is a named insured or passenger in or on the insured vehicle, with respect to bodily injury, sickness or disease, including death resulting therefrom, to that person.

b. This subdivision, as it relates to passengers, does not apply to a policy of insurance for a motorcycle as defined in s. 340.01 (32) or a moped as defined in s. 340.01 (29m) if the motorcycle or moped is designed to carry only one person and does not have a seat for any passenger.

3. Any person while using the motor vehicle, solely for reasons of age, if the person is of an age authorized to drive a motor vehicle.

4. Any use of the motor vehicle for unlawful purposes, or for transportation of liquor in violation of law, or while the driver is under the influence of an intoxicant or a controlled substance or controlled substance analog under ch. 961 or a combination thereof, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving, or any use of the motor vehicle in a reckless manner. In this subdivision, "drug" has the meaning specified in s. 450.01 (10).

(c) No policy may limit the time for giving notice of any accident or casualty covered by the policy to less than 20 days.

This statute, which is entitled "prohibited provisions," does not, however, contain an exhaustive list of all of the outlawed exclusions in Wisconsin.

Governing our fact situation is the implicit exclusion found in § 632.32(5)(j), STATS.:

(j) A policy may provide that any coverage under the policy does not apply to a loss resulting from the use of a motor vehicle that meets all of the following conditions:

1. Is owned by the named insured, or is owned by the named insured's spouse or a relative of the named insured if the spouse or relative resides in the same household as the named insured.

2. Is not described in the policy under which the claim is made.

3. Is not covered under the terms of the policy as a newly acquired or replacement motor vehicle.

Although not entitled the "drive other car" exclusion, this statute, nevertheless, regulates exclusions which attempt to limit coverage based upon the car being driven. A reading of the statute reveals that an insurance company is prohibited from excluding coverage when an insured is driving a different vehicle than that listed on the policy, unless the exclusion meets the three listed criteria. Contrary to the appellants' contention, the exclusion found in Blazekovic's policies does not meet the rigorous requirements of § 632.32(5)(j).

We suspect much of the confusion surrounding the validity of the exclusions found in Blazekovic's policy was generated by footnotes found in *Clark*, 218 Wis. 2d at 177 nn.3 & 4, 577 N.W.2d at nn.3 & 4, that suggest that the legislative changes completely overturned the decisions in both *Niemann v. Badger Mutual Insurance Co.*, 143 Wis. 2d 73, 420 N.W.2d 378 (Ct. App. 1988), and *Welch v. State Farm Mutual Automobile Insurance Co.*, 122 Wis. 2d 172, 361 N.W.2d 680 (1985). These were the seminal cases which prohibited uninsured motorist coverage exclusions. Adding to this uncertainty is the fact that the legislature, without actually

announcing its intentions, legitimized some but not all "drive other car" exclusions in passing § 632.32(5)(j).

Our analysis of the legislative changes begins with the presumption that the legislature knew the case law in existence at the time it changed the statutes. *See Carol J.R. v. County of Milwaukee*, 196 Wis. 2d 882, 888, 540 N.W.2d 233, 235 (Ct. App. 1995); *see also Kindy v. Hayes*, 44 Wis. 2d 301, 314, 171 N.W.2d 324, 330 (1969) ("It is presumed that the legislature acted with full knowledge of the existing law, [and] both the statut[ory] and the court decision[s] interpreting it.").

Further, we rely on the rule of statutory construction that where a legislative act has been construed by this court, the legislature is presumed to know that in the absence of the legislature explicitly changing the law, the court's construction will remain unchanged. *See Reiter v. Dyken*, 95 Wis. 2d 461, 471, 290 N.W.2d 510, 515 (1980). Since prior case law clearly prohibited the exclusion sought here, and the statutory changes do not explicitly permit the exclusion found previously invalid in prior case law, we conclude, as we must, that the legislature intended to continue the prohibition of this type of exclusion.

*Niemann* illustrates our point. *Niemann* concerned an almost identical fact situation. An on-duty police officer was injured while driving a squad car. He sued his insurance company seeking uninsured motorist coverage under his policy. *Id.* at 75–76, 420 N.W.2d at 379–80. The insurance company denied coverage, arguing that the exclusion found in the officer's policy excluded coverage when he was driving a car "furnished for your regular use." *Id.* at 78–79, 420 N.W.2d at 381. The appellate court concluded that this "drive other car" exclusion was impermissible, relying princi-

pally on the rationale found in *Welch v. State Farm Mutual Automobile Insurance Co.*, 122 Wis. 2d 172, 361 N.W.2d 680 (1985), for its determination.[2] *Niemann*, 143 Wis. 2d at 78–80, 420 N.W.2d at 381. Although the broad holding set forth in *Welch* has been limited by statute, we determine that the legislature intended to continue the prohibition on this type of "drive other car" uninsured motorist exclusion because in passing § 632.32(5)(j), permitting some "drive other car" exclusions, it failed to modify the law to permit the type of exclusion specifically outlawed in *Niemann*. Instead, the legislature passed a law which allowed "drive other car" exclusions under very specific and narrow circumstances not present here. Had the legislature wished to permit the exclusions of the sort found in *Niemann* and in Blazekovic's policies, it could have easily done so. In applying the statutory presumptions, we conclude this

---

[2] *Niemann v. Badger Mutual Insurance Co.*, 143 Wis. 2d 73, 79, 420 N.W.2d 378, 381 (Ct. App. 1988), quoted the following language from *Welch v. State Farm Mutual Automobile Insurance Co.*, 122 Wis. 2d 172, 180–81, 361 N.W.2d 680, 684–85 (1985):

> There is no requirement in the uninsured motorist statute that the insured be occupying an insured vehicle at the time of an accident. We conclude . . . that "there is no connection between the insured and the automobile listed on the policy. The named automobile merely illustrates that the person has satisfied the legal requirement of purchasing insurance and has uninsured motorist coverage . . . ." *Jacobson v. Implement Dealers Mut. Ins. Co.*, 640 P.2d 908, 912 (Mont. 1982). Thus, once uninsured motorist coverage is purchased, the insured, and his or her relatives insured for liability, have uninsured motorist protection under all circumstances. They are insured "when injured in an owned vehicle named in the policy, in an owned vehicle not named in the policy, in an unowned vehicle, on a motorcycle, on a bicycle, whether afoot or on horseback or even on a pogo stick." *Bradley* [*v. Mid-Century Ins. Co.*, 294 N.W.2d 141, 152 (Mich. 1980)]. *Accord Federated American Ins. Co. v. Reynes*, 563 P.2d 815, 818 (Wash. 1977).

exclusion remains invalid. By refusing to specifically permit this exclusion, the legislature has signaled that the previous ban on certain "drive other car" exclusions still applies.

We also agree with Blazekovic that the appellants' reliance on *Clark* is misplaced. In *Clark*, as noted, the supreme court found valid a territorial exclusion that excluded uninsured motorist coverage for accidents occurring outside the United States and Canada. Although the case approved a territorial exclusion, the *Clark* case did not hold, as the previously cited footnotes might imply, that all exclusions of uninsured motorist coverage were permitted. Rather, *Clark* set up a test to determine if exclusions were valid. Following *Clark*'s directive, one must first "consider[ ] (1) whether the . . . exclusion in [the] policy is prohibited by Wis. Stat. sec. 632.32(6); if not, then (2) whether the . . . exclusion is prohibited by other applicable law." *Clark*, 218 Wis. 2d at 174, 577 N.W.2d at 792. In *Clark*, the supreme court answered both questions "no," and found in favor of the insurance company. *See id.* at 174–79, 577 N.W.2d at 792–94. In doing so, the court determined that uninsured motorist coverage was subject to a valid exclusion when the policy attempted to restrict uninsured motorist coverage to a certain geographical location. *See id.*

Applying the identical analysis to the present case yields a different result. Although § 632.32(6), STATS., does not prohibit exclusions based on operating a non-owned emergency vehicle during the course of one's employment, the exclusion here, unlike the territorial exclusion considered in *Clark*, is prohibited by other law. The exclusion found in Blazekovic's policies is nothing more than a variant of a "drive other car" exclusion regulated by § 632.32(5)(j). As noted,

§ 632.32(5)(j) validates "drive other car" exclusions, only when those "drive other car" exclusions meet certain conditions. In passing § 632.32(5)(j), the legislature provided that a "drive other car" exclusion survives only if: (1) the vehicle is owned by the named insured or the spouse of the named insured or a relative living with the named insured; *and* (2) the vehicle is not listed in the policy; *and* (3) the vehicle meets neither the policy definition of a newly acquired vehicle nor the policy definition of a replacement vehicle. Blazekovic was occupying a fire truck. She was not in a car owned by her spouse or a relative living with her that was not listed on the policy. Thus, the "drive other car" exclusion found in Blazekovic's policies continues to be prohibited under case law and § 632.32(5)(j).

In sum, we conclude that while the legislature's statutory amendments to § 632.32 loosened what was previously a complete ban against "drive other car" exclusions, the amendments did not make all "drive other car" exclusions permissible. We are satisfied that the exclusion found in Blazekovic's policies is still invalid. Thus, we affirm the trial court.

*By the Court.*—Judgment and order affirmed.