Monica M. BLAZEKOVIC, Plaintiff-Respondent,

CITY OF MILWAUKEE, Plaintiff,

v.

CITY OF MILWAUKEE, City of Milwaukee Fire Department, Donald V. Dillard, Linda O. Dillard, Defendants,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and American Standard Insurance Company of Wisconsin, Defendants-Appellants-Petitioners.

Supreme Court

*No. 98–1821–FT. Oral argument January 6, 2000.—Decided May 16, 2000.*

2000 WI 41

(Also reported in 610 N.W.2d 467.)

For the defendants-appellants-petitioners, there were briefs and oral argument by *Beth A. Boyer-Ryan*, Milwaukee.

For the plaintiff-respondent, there was a brief and oral argument by *Robert L. Elliot*, Milwaukee.

¶ 1. ANN WALSH BRADLEY, J. Petitioners American Standard Insurance Company (American Standard) and American Family Mutual Insurance Company (American Family) seek review of a published decision of the court of appeals that affirmed the circuit court order denying their motion for summary judgment.[1] The insurers contend that the exclusion contained in their insurance policies precludes uninsured motorist coverage for injuries sustained by Monica M. Blazekovic while employed as a firefighter and riding in a City of Milwaukee fire truck. Because we determine that the exclusion does not fit the narrow definition of a permissible "drive other car" exclusion under Wis. Stat. § 632.32(5)(j) (1997–98),[2] we affirm the court of appeals.

¶ 2. The relevant facts are brief and undisputed. Monica M. Blazekovic, a City of Milwaukee firefighter, suffered injuries when the fire truck she was occupying was struck by an uninsured motor vehicle on August 25, 1995. At that time, Blazekovic had automobile insurance policies in effect on two vehicles. American

---

[1] *Blazekovic v. City of Milwaukee*, 225 Wis. 2d 837, 593 N.W.2d 809 (Ct. App. 1999) (affirming order and judgment of Circuit Court, Milwaukee County, Michael D. Guolee, J.)

[2] All future references to the Wisconsin Statutes are to the 1997–98 volumes unless indicated otherwise.

Family provided coverage for her pick-up truck and American Standard provided coverage for her car.

¶ 3. Both policies included uninsured motorist coverage as required by statute, with limits of $50,000 per person and $100,000 per accident. Both policies also contained the following exclusion, identified as "Endorsement 44":

> EXCLUSION OF NON-OWNED EMERGENCY TYPE AUTOMOBILE ENDORSEMENT
>
> The insurance provided by this policy under Part I, Part II, Part III [Uninsured Motorists Coverage], Part IV, Part V or Underinsured Motorists Coverage shall not apply to Blazekovic, Monica when using non-owned emergency type vehicles in connection with his or her employment, occupation, or profession.

Endorsement 44 is a particular breed of "drive other car" exclusion, which seeks to limit uninsured motorist coverage based on the car being driven.

¶ 4. Blazekovic initially filed suit against the uninsured motorist and the City of Milwaukee Fire Department, subsequently amending her complaint to include American Standard and American Family as named defendants. She sought uninsured motorist coverage for the injuries she sustained as a result of the accident. In response, the insurers filed for summary judgment and claimed that Endorsement 44 precludes coverage because Blazekovic was using a non-owned emergency vehicle in connection with her employment.

¶ 5. The circuit court denied summary judgment and determined that Endorsement 44 was an invalid exclusion. Accordingly, the court declared that the insurers' policies provided uninsured motorist coverage for Blazekovic's injuries.

¶ 6.    Prior to the circuit court's order, Blazekovic settled her uninsured motorist claim with the City of Milwaukee for $25,000 as payment towards the expenses for her injuries. Thereafter, American Family and American Standard stipulated that the additional value of Blazekovic's claim was $9,000 and permitted the entry of judgment against them for that amount. The insurers then filed a notice of appeal from that judgment.

¶ 7.    The court of appeals affirmed, agreeing with the circuit court that Endorsement 44 is an invalid exclusion of uninsured motorist coverage. Observing that legislative changes in 1995 validated certain exclusions of uninsured motorist coverage that had been held invalid by prior case law, the court of appeals nevertheless concluded that Endorsement 44 remains a prohibited exclusion. Because Wis. Stat. § 632.32(5)(j) explicitly permits "drive other car" exclusions only when three conditions are met, and Endorsement 44 fails to meet one of those conditions, the court determined that Endorsement 44 may not be used by the insurers to deny Blazekovic relief for her injuries. *Blazekovic v. City of Milwaukee*, 225 Wis. 2d 837, 844, 593 N.W.2d 809 (Ct. App. 1999).

¶ 8.    This case comes before the court on a review of a summary judgment motion. In reviewing motions for summary judgment, we follow the same methodology as does the circuit court. *Swatek v. County of Dane*, 192 Wis. 2d 47, 61, 531 N.W.2d 45 (1995); *see also* Wis. Stat. § 802.08(2). Summary judgment is properly granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

¶ 9.    Because the facts in this case are not in dispute, the determination of whether Endorsement 44 is a valid uninsured motorist exclusion turns on an examination of the statutory bases of uninsured motorist coverage under Wis. Stat § 632.32. Statutory interpretation presents a question of law that we decide independently of the determinations rendered by the circuit court and court of appeals. *Theis v. Midwest Ins. Co.*, 2000 WI 15, ¶ 9, 232 Wis. 2d 749, 606 N.W.2d 162. The primary goal in the interpretation of a statute is to discern the intent of the legislature. *Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 365, 597 N.W.2d 687 (1999).

¶ 10.    Before delving into statutory analysis, however, we briefly discuss the background of uninsured motorist insurance to provide context for our analysis. Uninsured motorist coverage in Wisconsin dates back to 1966 and was developed in response to the problems attendant to compensating victims of traffic accidents. Arnold P. Anderson, *Wisconsin Insurance Law* § 3.1 (4th ed. 1998). *See also* Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance*, §§ 1.1–1.14., pp.3–19 (2d rev. ed. 1999). Wisconsin Stat. § 632.32(4)(a) mandates that every policy of automobile insurance issued in the state include uninsured motorist coverage.

¶ 11.    The statute sets forth that such coverage is "[f]or the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident." Wis. Stat. § 632.32(4)(a). Underlying the uninsured motorist statute is an intent to

compensate the injured victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured. *Theis*, 2000 WI 15 at ¶ 28. As a legislative creation, uninsured motorist coverage is governed by the legislature's pronouncements on its scope and viability.

¶ 12.   The issue before us is whether Endorsement 44 is a valid uninsured motorist exclusion. We begin our statutory interpretation with an examination of the language of Wis. Stat. § 632.32(5)(e), which states that "[a] policy may provide for exclusions not prohibited by sub. (6) or other applicable law." Based on the statutory language, this court has fashioned a two-part test to determine the validity of a particular exclusion. *Clark v. American Family Mut. Ins. Co.*, 218 Wis. 2d 169, 174, 577 N.W.2d 790 (1998).

¶ 13.   First, we must direct our focus to Wis. Stat. § 632.32(6) and decide whether the exclusion fits the description of any of the enumerated prohibitions.[3] *Id.* If it does, the matter is resolved, and the exclusion is invalid. Otherwise, we proceed to the second part of the test, which requires that we examine any "other appli-

---

[3] The following are the enumerated prohibitions: 1) coverage exclusions for the agents and employees of motor vehicle handlers when the agents or employees are using motor vehicles used by customers doing business with the motor vehicle handler; 2) exclusions for persons related by blood or marriage to the insured; 3) exclusions for any named insured or passenger in an insured vehicle, with the exception of a motorcycle or moped designed to carry only one person; 4) exclusions based solely on age; and 5) exclusions for the use of the motor vehicle for illegal purposes or while the driver is under the influence of drugs or alcohol. *See* Wis. Stat. § 632.32(6).

cable law" that may prohibit the exclusion. *Id.* Absent any other applicable law prohibiting the exclusion, it remains valid.

¶ 14.  In this case, the parties agree that Endorsement 44 does not fall under the enumerated exclusions prohibited under Wis. Stat. § 632.32(6).  However, whether the exclusion is prohibited by other applicable law under the second part of the test forms the crux of our analysis and lies at the center of the parties' disagreement.

¶ 15.  Blazekovic directs our attention to Wis. Stat. § 632.32(5)(j) and contends that this provision represents the other applicable law prohibiting Endorsement 44. Section 632.32(5)(j) states:

> A policy may provide that any coverage under the policy does not apply to a loss resulting from the use of a motor vehicle *that meets all of the following conditions*:
>
> 1.  *Is owned by the named insured, or is owned by the named insured's spouse or a relative of the named insured* if the spouse or relative resides in the same household as the named insured.
>
> 2.  Is not described in the policy under which the claim is made.
>
> 3.  Is not covered under the terms of the policy as a newly acquired or replacement motor vehicle.

(Emphasis supplied.)

¶ 16.  Blazekovic posits that the statute is unambiguous and permits "drive other car" exclusions only when all three requirements are satisfied. Here, Blazekovic was using a vehicle owned by the City of Milwaukee. Thus, Endorsement 44 is prohibited because it fails to satisfy the plain language of the first

requirement: that the vehicle be owned by the insured or a family member residing with the insured.

¶ 17.  American Family and American Standard agree that Wis. Stat. § 632.32(5)(j) is unambiguous, yet maintain that it does not represent other applicable law prohibiting the exclusion. Rather, it represents a permissive statute and nothing therein reflects a prohibitory intent.

¶ 18.  The insurers further argue that all case law invalidating such exclusions as Endorsement 44 has been overturned by sweeping legislative changes in 1995 that reinstated those exclusions. They rest their argument on language contained in *Clark* that notes the effect of these legislative changes in overruling prior case law. 218 Wis. 2d at 177 nn. 3,4. Because there is no other applicable law explicitly prohibiting Endorsement 44, and it is not prohibited under Wis. Stat. § 632.32(6), the insurers claim that the exclusion is valid to preclude uninsured motorist coverage for Blazekovic's injuries.

¶ 19.  Prior to 1995, a long line of cases held invalid uninsured motorist exclusions that served to prohibit the stacking of claims. *See, e.g., St. Paul Mercury Ins. Co. v. Zastrow*, 166 Wis. 2d 423, 480 N.W.2d 8 (1992); *Welch v. State Farm Mut. Auto. Ins. Co.*, 122 Wis. 2d 172, 361 N.W.2d 680 (1985); *Hulsey v. American Family Mut. Ins. Co.*, 142 Wis. 2d 639, 419 N.W.2d 288 (Ct. App. 1987). Courts also invalidated exclusions that generally sought to limit uninsured motorist coverage. *See, e.g., Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 405 N.W.2d 327 (1987); *Niemann v. Badger Mut. Ins. Co.*, 143 Wis. 2d 73, 420 N.W.2d 378 (Ct. App. 1988). Cases invalidating the various "drive other car" exclusions relied on the broad purpose underlying uninsured motorist coverage and reasoned that such

coverage is personal and portable "under all circumstances." *Welch*, 122 Wis. 2d at 181.

¶ 20. In 1995, the legislature enacted Wis. Stat. § 632.32(5)(f)–(5)(j).[4] 1995 Wis. Act 21. The first four provisions, § 632.32(5)(f)–(5)(i), primarily address antistacking and reducing clauses, validating such clauses to avoid the duplication of benefits permitted under prior case law. Additionally, Wis. Stat. § 632.32(5)(j) authorizes the exclusion of uninsured motorist coverage when three statutory requirements are satisfied.

---

[4] Wisconsin Stat. § 632.32(5)(f)–(5)(i) state as follows:

(f) A policy may provide that regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid the limits for any coverage under the policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available for bodily injury or death suffered by a person in any one accident.

(g) A policy may provide that the maximum amount of uninsured or underinsured motorist coverage available for bodily injury or death suffered by a person who was not using a motor vehicle at the time of an accident is the highest single limit of uninsured or underinsured motorist coverage, whichever is applicable, for any motor vehicle with respect to which the person is insured.

(h) A policy may provide that the maximum amount of medical payments coverage available for bodily injury or death suffered by a person who was not using a motor vehicle at the time of an accident is the highest single limit of medical payments coverage for any motor vehicle with respect to which the person is insured.

(i) A policy may provide that the limits under the policy for uninsured or underinsured coverage for bodily injury or death resulting from any one accident shall be reduced by any of the following that apply:

1. Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.

2. Amounts paid or payable under any worker's compensation law.

3. Amounts paid or payable under any disability benefits laws.

However, we do not discern from the legislative changes an intent, as the insurers assert, to authorize all "drive other car" uninsured motorist exclusions.

¶ 21. While Wis. Stat. § 632.32(5)(f)–(5)(i) govern the monetary limits of recovery, subsection (5)(j) stands apart from these other provisions and addresses the particular set of circumstances in which a "drive other car" exclusion of uninsured motorist coverage may be permitted. First, the exclusion must pertain to a car owned by the insured or a relative residing within the insured's household. Wis. Stat. § 632.32(5)(j). Second, the car to which the exclusion applies must not be described in the policy under which the uninsured motorist claim is made. *Id.* Third, the car must not be covered under the policy as a newly acquired or replacement vehicle. *Id.* A "drive other car" exclusion that does not comport with this set of circumstances is not permitted.

¶ 22. Wisconsin Stat. § 632.32(5)(j) has replaced the broad proposition of *Welch* and its progeny that uninsured motorist coverage is available in *all* circumstances. However, it has not eviscerated the general prohibition against "drive other car" exclusions. There is a particular type of "drive other car" exclusion that now is allowed under the statute.

¶ 23. American Standard and American Family assert that because the legislature lifted the prior ban on anti-stacking and reducing clauses through Wis. Stat. § 632.32(5)(f)–(5)(i), it intended to lift the ban on all exclusions of uninsured motorist coverage. They urge this court to read the statutory provisions in conjunction and recognize the permissive intent of the legislature.

¶ 24. We do not dispute the permissive nature of the 1995 legislation. However, we hesitate to translate

an intent to permit anti-stacking and reducing clauses into a sweeping validation of "drive other car" exclusions in all circumstances, particularly when only a specific set of permissive circumstances has been clearly set forth. Although the statute now allows insurers to prevent stacking, the specific type of "drive other car" exclusion that may be used to achieve this goal is circumscribed by the requirements of Wis. Stat. § 632.32(5)(j).

¶ 25.   In *Clark*, we noted that the 1995 legislation overturned all prior case law relating to exclusions of uninsured motorist coverage. 218 Wis. 2d at 177 nn. 3, 4. We now take this opportunity to clarify the import of our language in *Clark*. Indeed a majority of those cases mentioned in *Clark* permitted stacking, and thus have been replaced by the statutes that now resuscitate anti-stacking clauses. Furthermore, Wis. Stat. § 632.32(5)(j) has replaced the broad proposition, relied upon in several of the cases, that uninsured motorist coverage exists in all circumstances. However, not all of the types of exclusions at issue in those cases have been validated as a result of the legislative changes in 1995.

¶ 26.   As the court of appeals astutely recognized, the "drive other car" exclusion in *Niemann* remains invalid. *Blazekovic*, 225 Wis. 2d at 845–46. *Niemann* involved a particular type of "drive other car" exclusion that sought to deny recovery for accidents arising from the use of a car furnished for the insured's "regular use." 143 Wis. 2d at 76. When the insured police officer sustained injuries in an accident while driving a squad car, the insurer denied uninsured motorist recovery. *Id.* at 75–76. However, the court relied upon the *Welch* rationale that uninsured motorist coverage is available

in all circumstances, and invalidated the "drive other car" exclusion. *Id.* at 79–80.

¶ 27.   *Niemann* has not been overruled by the 1995 statutory amendments, but merely limited for its reliance on the broad *Welch* rationale. The "drive other car" exclusion at issue in *Niemann* remains an invalid exclusion because, like Endorsement 44, it does not satisfy the first requirement listed under Wis. Stat. § 632.32(5)(j). The legislature was aware of the "drive other car" exclusion at issue in *Niemann* prior to its 1995 amendments. Had it intended to approve all "drive other car" exclusions, the legislature may have easily done so by stating such an intent. Instead, the legislature engrafted a permissible "drive other car" exclusion that must comply with three specific requirements. This reflects the legislative intent to prohibit restrictions of uninsured motorist coverage except in a singular set of circumstances.

¶ 28.   American Family and American Standard disagree with the interpretation that Wis. Stat. § 632.32(5)(j) applies to "drive other car" exclusions in the uninsured motorist context. Yet, at oral argument the insurers conceded that § 632.32(5)(j) was enacted to address uninsured motorist exclusions. Moreover, since Wis. Stat. § 632.32(5)(j) governs exclusions that limit coverage depending on the particular car being driven, it describes a "drive other car" exclusion. *See* Anderson, *Wisconsin Insurance Law* at § 3.4, 3–22, 3–30 (recognizing that Wis. Stat. § 632.32(5)(j) addresses a specific type of "drive other car" exclusion).

¶ 29.   Legislative history confirms our interpretation. The Legislative Reference Bureau Analysis to 1995 Senate Bill 6, which was eventually enacted as the current Wis. Stat. § 632.32(5)(f)–(5)(j), notes:

The bill also validates certain drive-other-car exclusions, which courts have invalidated when used to prevent stacking. Under the bill, a policy may exclude coverage for losses resulting from the use of a vehicle that is not described in the policy *and* that is owned by the insured or a family member residing with the insured.

(Emphasis added.)

██

¶ 30. If we were to construe Wis. Stat. § 632.32(5)(j) in the manner suggested by the insurers, as a permissive statute reflecting no prohibitory intent, then the statute would be rendered superfluous. There would be no need to separately provide for a permitted exclusion because by virtue of not being enumerated in Wis. Stat. § 632.32(6) an exclusion would be rendered valid. A fundamental rule of statutory construction requires that effect be given, if possible, to every word, clause, and sentence in a statute, and that a construction resulting in any portion of a statute being superfluous should be avoided whenever possible. *Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997). We therefore decline to adopt the interpretation proferred by the insurers because it renders Wis. Stat. § 632.32(5)(j) superfluous.

¶ 31. American Family and American Standard also claim that our interpretation of Wis. Stat. § 632.32(5)(j) would effectively nullify Wis. Stat. § 632.32(5)(e), which allows exclusions not prohibited by § 632.32(6) or other applicable law. We note that § 632.32(5)(e) was not included in the 1995 legislative changes but rather pre-existed those changes. Subsection (5)(e) has essentially the same effect on "drive other car" uninsured motorist exclusions now as it had previously. It currently has added substance due to the

validation of a specific type of "drive other car" exclusion. We thus do not share the insurers' concerns about the purportedly toothless effect of Wis. Stat. § 632.32(5)(e).

¶ 32. American Standard and American Family next contend that an invalidation of Endorsement 44 under Wis. Stat. § 632.32(5)(j) would lead to absurd results because a myriad of other exclusions would also be invalidated, including those denying coverage for intentional acts and punitive damages. According to the insurers, exclusions of tortious activity and punitive damages have been held valid previously by the courts of this state, and our interpretation would overturn those judicial decisions. *See, e.g., Schwersenska v. American Family Mut. Ins. Co.*, 206 Wis. 2d 549, 557 N.W.2d 469 (Ct. App. 1996); *Macherey v. Home Ins. Co.*, 184 Wis. 2d 1, 516 N.W.2d 434 (Ct. App. 1994).

¶ 33. However, the cases offered by the insurers essentially address liability exclusions. They do not address uninsured motorist exclusions. Because Wis. Stat. § 632.32(5)(j) is limited to "drive other car" exclusions in the uninsured motorist context and does not address liability coverage, we are not persuaded by the insurers' predictions.

¶ 34. The insurers likewise fail to convince us that the uninsured motorist territorial exclusion in *Clark* would be invalidated as a result of our construction of § 632.32(5)(j). As we note once again, Wis. Stat. § 632.32(5)(j) was intended to address "drive other car" exclusions in the uninsured motorist context, not territorial exclusions of uninsured motorist coverage. Our interpretation would do no violence to the holding in *Clark*.

¶ 35. In *Clark*, upon completing the two-part test for determining the validity of the territorial exclusion

at issue, we observed that neither Wis. Stat. § 632.32(6) nor any other applicable law prohibited the exclusion. 218 Wis. 2d at 179. Wisconsin Stat. § 632.32(5)(j) was not implicated in *Clark* because it addresses "drive other car" exclusions. In this case, however, § 632.32(5)(j) is the other applicable law that prohibits the "drive other car" exclusion identified as Endorsement 44. Thus, under our interpretation of the statute, the exclusion in *Clark* remains valid.

¶ 36. Apart from their statutory arguments, American Standard and American Family offer policy reasons for validating Endorsement 44. First, they assert that when an insurance contract is plain on its face, it must not be construed so as to bind the insurer to an unintended risk that it was unwilling to cover and for which payment was not made. *See Garriguenc v. Love*, 67 Wis. 2d 130, 135, 226 N.W.2d 414 (1975); *Limpert v. Smith*, 56 Wis. 2d 632, 640, 203 N.W.2d 29 (1973). According to the insurers, under our reading of Wis. Stat. § 632.32(5)(j) Blazekovic receives more protection than for which she bargained and paid. In essence, she receives more uninsured motorist coverage than liability coverage.

¶ 37. We hasten to point out that in this case we are presented with an issue of statutory interpretation, not the construction of an insurance contract. The short response to the insurers' argument is that an insured may not receive less coverage than that mandated by the statute. An insurance contract that contravenes statutory requirements must be invalidated. Uninsured motorist coverage may not be whittled away in the absence of a clear legislative directive intending to restrict coverage, and we conclude that there is no such legislative directive.

¶ 38.   In addition, liability coverage differs from uninsured motorist coverage, and the two are not to be equated. A liability policy requires the insurer to shield the insured from making payment on a claim for which the insured is liable. *Landvatter v. Globe Sec. Ins. Co.*, 100 Wis. 2d 21, 26, 300 N.W.2d 875 (Ct. App. 1980). In contrast, uninsured motorist coverage seeks to compensate the insured after the insured has sustained an actual loss. *Id.*

¶ 39.   Since the purposes underlying the two types of coverage differ, it is of little consequence that Blazekovic would receive more uninsured motorist coverage than liability coverage. There is no indicia that the legislature intended a convergence of liability and uninsured motorist coverage in light of the different goals underlying the two types of insurance.

¶ 40.   American Standard and American Family also argue that our construction of Wis. Stat. § 632.32(5)(j) would permit double recovery. This contention has little substance in light of the stipulation that Blazekovic's claim against the insurers in the amount of $9,000 represents the difference between the total of her expenses, $34,000, and the amount paid to her by the City of Milwaukee pursuant to its uninsured motorist coverage, $25,000. We do not detect any issue of double recovery here.

¶ 41.   The uninsured motorist statute commands that uninsured motorist coverage be part and parcel of every automobile policy to guarantee that the victim of an uninsured driver's negligence is compensated to the same extent as if the driver were insured. The significant policy rationale underlying uninsured motorist coverage would be defeated by allowing for every exclusion except those specifically delineated under Wis.

Stat. § 632.32(6). By explicitly permitting only one type of "drive other car" exclusion, rather than sanctioning all such exclusions, the legislature has chosen not to depart from the remedial purpose underlying uninsured motorist coverage.

¶ 42.  In sum, we conclude that because Endorsement 44 fails to satisfy the statutory requirements of a permissible "drive other car" exclusion under Wis. Stat. 632.32(5)(j), it is prohibited under Wisconsin law. Therefore, American Standard and American Family may not deny Blazekovic uninsured motorist coverage for the injuries she sustained while operating a non-owned emergency vehicle during the course of her employment. Accordingly, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.